Bennett Marsh CLARK, (Plaintiff)
Respondent,

v.

QUALITY DAIRY COMPANY, a Corporation,
and William D. Kostedt, (Defend-
ants) Appellants.

No. 51242.

Supreme Court of Missouri,
Division No. 1.

March 14, 1966.

A. H. Hamel, Clayton, for respondent.

Robert Nagel Jones, Gentry, Bryant & Sheppard, Arnot L. Sheppard, St. Louis, for appellants.

WELBORN, Commissioner.

This is an action for $26,457.00 damages for personal injuries and property damage, arising out of an automobile accident. A jury returned a verdict for defendants. The trial court, on its own motion, ordered a new trial. Defendants appeal from such order.

The issues here presented require only a brief statement of facts. On August 23, 1961, plaintiff was driving east on Route 30, in the vicinity of Murphy, in Jefferson County. He overtook and started to pass a delivery truck of defendant Quality Dairy Company operated by its employee, defendant Kostedt. As plaintiff started to pass the truck, Kostedt started to make a left turn. Plaintiff swerved his vehicle and ran into a ditch on the left side of the roadway, his vehicle overturning several times, resulting in injury to plaintiff.

Plaintiff's submission to the jury submitted as negligence Kostedt's failing to keep a careful lookout, failure to signal intention to turn, failure to give way to the right in favor of plaintiff's overtaking vehicle on plaintiff's audible signal, or by moving the truck from its proper driving lane when such movement could not be made in safety. Defendants submitted plaintiff's contributory negligence in driving at an excessive speed or failing to signal properly his intention to pass the truck. The only eyewitnesses to the occurrence were plaintiff and Kostedt. Each testified to facts to support the respective submission of plaintiff and defendants. Appellants, by their brief and by their counsel on oral argument, concede that plaintiff's testimony made a submissible case on the issue submitted by plaintiff.

The trial court ordered a new trial on the grounds that the verdict in favor of defendants "is against the evidence and the greater weight of the evidence and the law under the evidence * * *." Acceding to appellants' contention that the only substantial basis of the trial court's ruling was the finding that the verdict was against the weight of the evidence, we are called upon by appellants to re-examine the long-established standard of appellate review of an order such as that here under attack. Appellants acknowledge that "the present holdings of this Court and other courts of appeal in Missouri" warrant plaintiff's argument that "in determining the question whether the trial court (in granting a new trial to plaintiff on the ground the verdict was against the weight of the evidence) was acting in the exercise of its judicial discretion, the appellate court will endeavor to ascertain if there was sufficient substantial evidence to sustain a verdict for plaintiff, the party to whom the new trial was granted." Madsen v. Lawrence, Mo. Sup., 366 S.W.2d 413, 416 [5, 6]. Appellants argue that the appellate court's position is based upon policy, not upon lack of jurisdiction, and that such policy should be re-examined because it is logically and reasonably indefensible. According to appellants, the trial court can exercise sound discretion in granting a new trial as such provided only if the evidence was insufficient to warrant the verdict. "Whether or not the evidence was sufficient to establish the use of sound discretion as the basis for the order, depends upon the character of evidence involved. To make this determination necessarily demands a review of the evidence." However, since appellate courts uphold the trial court's exercise of discretion if plaintiff made a submissible case, " * * * there can never be a determination of whether or not a trial court abused its discretion under the circumstances here involved. * * * Therefore, the present policy creates a duty upon this Court to determine whether or not the new trial was granted on the basis of the use of sound discretion by the trial judge; and at the same time makes it impossible for it to perform that duty."

Early in our state's judicial history, the appellate courts laid down the policy of declining to weigh the evidence in cases before them on appeal. An early exposition of the policy and the reasoning behind it is found in Garneau v. Herthel, 15 Mo. 137, decided in 1851. There, the court stated:

"The only questions submitted for our consideration are, whether the Court of Common Pleas erred in refusing to grant the defendant a new trial, on the ground that the verdict was against the weight of evidence; and in overruling his motion in arrest of judgment. The court has become entirely satisfied that the exercise of the power of revising the actions of the different courts of original jurisdiction, upon motions for a new trial, on the ground that the verdict is against evidence or against the weight of evidence, would often produce great injustice. All persons, familiar with trials, must know that it is utterly impossible to bring before this court, upon paper, a real representation of the trial as it took place. The manner, the temper, the character of witnesses as known to the jury, cannot be spread upon paper; and the words of a witness, in whose testimony neither the jury nor the court had the slightest confidence, will read as well, and appear entitled to the same consideration when written upon the record, as would the language of the most impartial upright witness in the world. We cannot suppose that the courts, trying causes, are deficient in the firmness necessary to set aside verdicts when they are found, either under the influence of prejudice, or are opposed to the weight of the evidence. We have the confidence which the law entertains, that the judges, attending to the trials as they progress before them, will freely apply the remedy of granting a new trial, in every case where injustice is done by a verdict, found either without evidence or contrary to the weight of evidence. From these considerations, this court will decline interfering with a judgment, upon the ground, that the court rendering it, has granted or refused a new trial, because of the verdict's being against evidence, or against the weight of evidence."

In Reid v. Piedmont & Arlington Life Ins. Co., 58 Mo. 421, decided in 1874, Judge Wagner stated (l. c. 429-430):

"Defendant has filed its motion for a re-hearing in this case, on the ground that the verdict of the jury was unsupported by the evidence and in direct conflict with it. It is needless to repeat what has been so often said, that this court will not undertake to weigh the evidence. Such a course would be entirely inappropriate in an appellate tribunal. The opportunity for judging of the credibility of witnesses is entirely denied to us. Hence, when there is any evidence to support the verdict we cannot interfere. The evidence may be slight, and it may be contradictory, but we cannot tell the proper credit that should be attached to it. * * *

"But in this connection, it is well enough to make another remark. Constant complaints are reaching us that in some of the Circuits the rule adopted here is followed, and that the judges consider themselves bound thereby. But this is founded in an entire misapprehension. The trial courts have opportunities which we have not. In witnessing and presiding over the trial, they are put in possession of facts which we cannot possibly attain. They see the witnesses; can form an opinion respecting their veracity; can observe whether they are biased or prejudiced; can notice their willingness or unwillingness, and a great many other circumstances which it is impossible to transfer to paper. They can also form a correct conclusion as to whether any improper influences operated on the jury in producing the verdict. All these considerations render it peculiarly proper that the question of granting new trials, on account of the verdict being against the weight of testimony, should be exclusively exercised by the court trying the cause, and where the trial court is of the opinion that the verdict is not supported by the evidence, or is against the weight of evi-

dence, it should never hesitate in exercising the power and giving the aggrieved party a new trial."

After the amendment of the practice action in 1891 (Laws of Mo., 1891, p. 70) making an order granting a new trial an appealable order, appeals from orders awarding a new trial on the grounds that the verdict was against the weight of the evidence became frequent. The appellate courts adhered to the policy previously announced in cases of denial of the motion. In Haven v. Missouri R. Co., 155 Mo. 216, 55 S.W. 1035, (l. c. 1038–1039), Judge Marshall, in speaking of the appellate court's function under that statute, stated:

" * * * [T]he majority opinion in Thompson v. [Metropolitan St.] Railway Co., 140 Mo. 125, 41 S.W. 454, seems to proceed upon the theory that on appeals under the acts of 1891 and 1895 this court will treat the case just as it formerly did cases that came here after final judgment, and will not interfere with discretionary rulings of the trial court, and will not weigh conflicting evidence, but will reverse the judgment if there is no substantial evidence to support it, or if errors of law were committed by the trial court; while, on the other hand, the opinions in Candee v. [Kansas City & I. Rapid Transit] Railway Co., 130 Mo. 142, 154, 31 S.W. 1029, and Ittner v. Hughes, 133 Mo. 688, 34 S.W. 1110, hold that this court, on such appeals, will not 'indulge the presumptions which obtained prior to its enactment' (referring to the acts of 1891 and 1895), 'and which do not at all consist with its express terms,' and that the prerogative and obvious duty of this court in such cases is to review the action of the trial court, 'and determine from the law and the facts of the case whether the circuit court exercised a sound judicial discretion.' In other words, the first theory applies the appellate practice, while the second theory gives this court all the powers of a circuit court, including its discretionary powers in passing on a motion for a new trial, and authorizes and requires this court to do what the circuit court ought to

have done. Under the first theory the labors of this court would be very much reduced, and its duty very simple, while under the second theory a greater burden is cast upon this court than rests upon the trial court, for this court is necessarily compelled to study the whole case, and pass upon facts, without seeing the witnesses, all of which was familiar to the trial court. The original purpose of the acts of 1891 and 1895 was to remedy inconveniences arising in partition cases, injunction cases, in arrest of judgment, and the granting of new trials in cases where no verdict in favor of the party at whose instance the new trial was granted could ever be allowed to stand. Prior to the passage of these acts no appeals were permitted until final judgment, and, if a new trial was granted by the trial court, the only way open to the losing party in the motion to have the ruling of that court reviewed was to save proper exceptions, abandon his case, permit final judgment to go against him, and then appeal; in other words, to risk his whole case upon the soundness of his judgment with respect to the ruling of the court on the motion for a new trial. It was, inter alia, to remedy this hardship, that these acts were passed. There is no intention expressed in these acts to require this court to treat such appeals taken before final judgment any differently from the practice that obtained in this court with respect to such matters before the act was passed. The evident purpose was to enable the losing party in the motion to obtain a ruling from an appellate court upon the judgment of the trial court on the motion, before there was a final judgment in the cause, and to relieve the losing party to the motion of the necessity of standing on the ruling, and permit judgment to go against him in order to secure the opinion of the appellate court. Under the old practice this court applied the appellate practice, and refused to weigh conflicting evidence, or to reverse the ruling below on discretionary matters, and interfered only for errors of law, or where, conceding everything that was stated or pointed out by the party in whose favor a

new trial had been granted, that party was not entitled to a verdict. * * * The acts of 1891 and 1895, as above shown, only bring the ruling of the trial court on the motion for new trial to this court for review before final judgment, instead of afterwards, as was formerly the case. No other change in procedure is expressed or contemplated by those acts. The case is here on appeal, and the usual and immemorial appellate practice must obtain. It is here for review on matters of law, not on the weight of the evidence, nor for this court to substitute its discretion for the discretion of the trial court."

■ Extensive citation of the cases wherein the policy here under attack has been applied would avail little. They may be found under various headings of the Missouri Digest. See 3 Mo.Digest, Appeal and Error, ■ 22 Mo.Digest, New Trial, ☞72. Appellants cite and we find no case in which the policy has been questioned. We have recognized that the basis of the appellate court's attitude in such cases is policy, not lack of jurisdiction. King v. Kansas City Life Ins. Co., 350 Mo. 75, 164 S.W.2d 458, 464 [8]. The policy is founded upon the fundamental inappropriateness of appellate courts' endeavoring to weigh evidence. We have only the cold transcript before us which reveals very few of the numerous factors to be considered in weighing evidence. As appellants point out, weighing evidence is not simply a matter of quantitative analysis, but is primarily a qualitative analysis. While we might well determine which litigant produced the larger quantity of evidence, our position is far inferior to that of the trial court in analyzing the quality of the evidence. Consequently we must rely upon the trial court's proper exercise of the discretion entrusted to it in such matters.

· Appellants state that some twenty jurisdictions follow the rule or policy which they contend should be applied here. Although we do not find that all of the authorities cited by appellants support their contention (Scott v. Scott, 75 Ariz. 116, 252 P.2d 571, for example, dealt with the appellate court's attitude toward a contention in that court that appellant should have been granted a new trial because the verdict was against the weight of the evidence), several of the authorities cited do support the proposition here urged that the appellate court should reverse an order for a new trial whenever there was substantial evidence to support the verdict. Among such authorities are Dyer v. Hastings, 87 Ohio App. 147, 94 N.E.2d 213; Board of County Road Commissioners v. Bera, 373 Mich. 310, 129 N.W.2d 427; Biggs v. Gottsch, 173 Neb. 15, 112 N.W.2d 396; Hamre v. Senger, N.D., 79 N.W.2d 41; Braatz v. Continental Casualty Company, 272 Wis. 479, 76 N.W.2d 303; Bronson v. Riffe, et al., 148 W.Va. 362, 135 S.E.2d 244; Commonwealth v. McNeely, 204 Va. 218, 129 S.E.2d 687; Redwing Carriers, Inc. v. Helwig, Fla. App., 108 So.2d 620.

On the other hand, the Vermont Court, in Dashnow v. Myers, 121 Vt. 273, 155 A.2d 859, cited by appellants, followed what appears to us to be the same practice as is followed in Missouri. We note that several jurisdictions do follow the same policy as the Missouri appellate courts. See Thomas v. Moore, 146 Cal.App.2d 59, 303 P.2d 624, 626 [1, 2–6]; Downie v. Brunton, 147 Cal.App.2d 43, 304 P.2d 1028, 1031 [1, 2]; Johnson v. City of Ilwaco, 38 Wash. 2d 408, 229 P.2d 878; Wood v. Hallenbarter, 12 Wash.2d 576, 122 P.2d 798; Spaziano v. Raponi, 65 R.I. 163, 13 A.2d 810, 812 [2–4]; Buckeye Irrigation Co. v. Askren, 45 Ariz. 566, 46 P.2d 1068; Mooney v. Carter, 114 Colo. 267, 160 P.2d 390; Chisom v. Woodward Iron Co., 265 Ala. 212, 90 So.2d 816.

■ In any event, the long-established policy of the appellate courts of this state upon the review of an order such as that here involved has a valid and substantial basis in the historic distinction between the proper role of trial and appellate courts.

We decline appellants' urging to apply a different policy in this and future cases. We reject the appellants' contention that since approved pattern instructions (which were followed in this case although it was tried prior to the mandatory use of such instructions) now require the jury to "believe" the hypothesis necessary to warrant a verdict for plaintiff (see M.A.I. No. 3.01), the question of burden of proof and weight of the evidence is no longer the same as it was when the policy here followed was adopted and that, for that reason, the policy should be reexamined. Adoption of the approved pattern instructions has not changed the rule as to sufficiency of the evidence.

Appellants object to the trial court's order granting a new trial on the further grounds that the trial court did not properly inform appellants of its intention to act upon its own motion and afford them opportunity to be heard in relation thereto. The jury's verdict was returned on November 16, 1964. On December 7, 1964, more than 15 days after the date of the verdict and therefore beyond the limits of time for filing such motion (Civil Rule 78.02, V.A.M.R.), plaintiff filed a motion wherein he requested the court, on its own motion, to grant him a new trial on numerous grounds, those which ultimately formed the basis for the trial court's action as well as trial errors.

On December 11, appellants filed a motion to strike plaintiff's motion for new trial as untimely. On December 14, defendants' motion to strike was, according to the court's minutes, argued, submitted, and sustained. The court's order also included the following: "The Court advises the parties that it is considering acting on its own motion on the judgment of 11/16/64, and if any action is taken by the Court, it will be done on 12/14/64 or 12/15/64." On December 15, 1964, the court entered its order granting plaintiff a new trial. Civil Rule 75.01, V.A.M.R.

■ A trial court must, before taking the action here under review, give the party in whose favor the judgment to be set aside stands reasonable notice and afford reasonable opportunity to be heard. Hoppe v. St. Louis Public Service Co., 361 Mo. 402, 235 S.W.2d 347, 23 A.L.R.2d 846.

■ Appellants here do not deny that they received the notice shown by the court's entry of December 14. They contend, however, that the notice was insufficient because it fails to inform the parties "that any action *will be* taken or what it may be," or "any notice of the grounds for such possible action." There being no express requirement as to the length or form of notice required in these circumstances, the law requires only such notice "as may fairly and properly be expected or required in the particular circumstances." State ex rel. Murphy v. Aronson, Mo.App., 330 S.W.2d 140, 144 [4]. Here the notice was adequate to advise appellants in advance that the court was contemplating the action which it finally took. It was sufficient to bring the court's consideration of the matter to their attention and to afford an opportunity to them to seek to present their views to the court if they saw fit. The appellants do not assert that upon receipt of the knowledge they took unavailing action to communicate with the court and request a hearing before the court acted. Insofar as appears, the appellants took no further action upon receipt of knowledge of the court's thinking.

■ In our opinion, the notice which the court here gave and which appellants received was reasonable under the circumstances. We see no basis for the appellants' complaint that the notice failed to specify what action it intended to take and the grounds therefor. The only reasonable inference from this notice was that the court was considering the action which it took. To have advised appellants what action was to be taken might well have been considered to show that the court had

already made up its mind, making a hearing futile. Here the court apparently was retaining an open mind, but action was required promptly because of the 30-day limitation on the court's action. Appellants were undoubtedly aware of the time factor. Having refrained from any further action upon receipt of the notice, appellants have no present basis for complaint. Hoppe v. St. Louis Public Service Co., supra; State ex rel. Murphy v. Aronson, supra; Baker v. Baker, Mo.App., 274 S.W.2d 322.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.