William S. PHILLIPS, Plaintiff-Appellant,

v.

Maxine Chenoweth PHILLIPS, Defendant-Respondent.

No. 54284.

Supreme Court of Missouri, En Banc.

June 9, 1969.

Cedric Siegfried, George L. DeLapp, Jr., Independence, for plaintiff-apellant.

Robert G. Duncan, Austin F. Shute, Kansas City, for respondent.

HENLEY, Judge.

This is an appeal in a divorce suit. The trial court entered a decree for plaintiff-husband and thereafter granted the defendant-wife a new trial on the ground the decree was against the weight of the evidence. Plaintiff appealed from that order to the Kansas City Court of Appeals. The Court of Appeals reversed the trial court and remanded the cause with directions to reinstate the original decree. We ordered the cause transferred to this court and decide that the order granting a new trial should be affirmed.

The pleadings consisted of (1) plaintiff's petition for divorce charging general indignities; (2) defendant's answer in the nature of a general denial and a cross-petition for separate maintenance; and, (3) plaintiff's reply.

The case was tried in the course of two days, June 9 and 28, 1966. Plaintiff presented evidence in support of the allegations of his petition and closed his case on the second day, apparently only a few minutes before the court recessed for the noon hour. Up to this point the case was vigorously contested by defendant. Defendant offered no evidence. The next occurrence shown in the record is that when court reconvened for the afternoon session plaintiff returned to the witness stand, counsel for plaintiff asked and was granted leave to amend the petition to pray for restoration of defendant's former married name, and counsel for defendant asked and was granted leave to withdraw defendant's cross-petition for separate maintenance. Thereupon, without hearing further evidence, the court immediately entered a decree (1) granting plaintiff a divorce, (2) restoring defendant's former name and (3) awarding defendant attorney fees. Although the record does not specifically so state, it is obvious from what did happen at this point, that counsel had (or believed they had) settled the case with the approval of their respective clients during the noon recess, and had so informed the court.

Thereafter, defendant, represented by new counsel, filed a motion to set aside the decree and for a new trial. In addition to the ground that the decree was against the weight of the evidence, the motion alleges, in substance, fraud in procurement of the decree and a misunderstanding between defendant and her trial counsel which, much to her surprise and against her wishes, resulted in a default decree. An extensive hearing was held on the motion. At the close of this hearing, the court made these remarks when it announced its ruling on the motion: " * * * I have reached the conclusion that the Court was in effect a party to permitting the parties to work this out as a default after * * * [an] exhaustive trial. I [have] refreshed my recollection * * * [by] listening to the evidence [presented on June 9 and 28] * * * read back to us by the reporter and also from my handwritten notes * * *. This was a bitterly contested matter. [On June 28, immediately before plaintiff closed his case], counsel for the defendant * * * did such a good job in cross-examining the plaintiff that I certainly was in doubt at that time about what would happen if the matter continued. In fact he did such a good job that I am not certain [that] if the parties had not worked out some agreement, I would have ruled it that way—that is[,] for the plaintiff. I am not certain because I never reached the point where I was required to make that free choice." As stated the court sustained defendant's motion and granted her a new trial on a discretionary ground.

Plaintiff contends that the court abused its discretion in granting defendant a new trial on the ground that the decree was against the weight of the evidence, because, since defendant presented no evidence, there was no evidence to weigh. The cases cited by plaintiff [1] which may be said to be applicable to his point are, in gen-

---

1. Culp v. Culp, Mo.App., 216 S.W.2d 551; Crain v. Crain, Mo.App., 205 S.W. 2d 897; Williams v. Cass, Mo.App., 372 S.W.2d 156; Rose v. Thompson, 346 Mo.

eral, cases involving the grant of a new trial to a plaintiff (who has the burden of proof and whose case must be supported by sufficient substantial evidence) on the ground the verdict was against the weight of the evidence, as distinguished from those involving the grant of a new trial to a defendant (who does not have that burden, who need present no evidence to prevail, and whose case need not be supported by sufficient substantial evidence) on that ground. This court held recently that where a new trial has been granted a defendant on the ground the verdict was against the weight of the evidence, the appellate court will not determine whether there was sufficient substantial evidence to sustain a verdict for that party. Lupkey v. Weldon, Mo., 419 S.W.2d 91, 93 [2].

 We hold that where, as here, defendant presented no evidence but was granted a new trial on the ground the decree for plaintiff was against the weight of the evidence, we need not seek to determine whether there was sufficient substantial evidence to support a decree for her, the defendant to whom the new trial was granted, because it is not required that this party shall have presented or made available evidence to weigh.

 It has been held time and again that it is the province of the trial court, and not of the appellate court, to weight the evidence on motions for new trial and to grant same if, in its judgment, the verdict is against the weight of the evidence. See Clark v. Quality Dairy Company, Mo., 400 S.W.2d 78, 1. c. 80–82, and cases there cited; Plas-Chem Corporation v. Solmica, Mo., 434 S.W.2d 522, 527 [1–3]. And the reviewing court is and should be liberal in sustaining an order granting a new trial. Kirst v. Clarkson Construction Company, Mo.App., 395 S.W.2d 487, 500 [24], and cases there cited. The trial court has a broad discretion in granting one new trial on the ground that the verdict is against the

395, 141 S.W.2d 824; Castorina v. Herrmann, 340 Mo. 1026, 104 S.W.2d 297; Kirst v. Clarkson Const. Co., Mo.App., 395 S.W.2d 487; Heaven v. Heaven, Mo.

weight of the evidence, and its order will not be disturbed, except in case of manifest abuse of discretion. Andres v. Brown, Mo., 300 S.W.2d 800, 801 [1]. This rule is applicable to court-tried as well as jury-tried cases. Long v. Stilwell Homes, Inc., Mo. App., 333 S.W.2d 103, 106 [9].

 It appears from the trial judge's remarks made at the time of his order granting a new trial that he was plagued with a gnawing question whether plaintiff's testimony was credible and sufficient; that he had considerable doubt whether, under the evidence, he should have entered a decree for plaintiff in the first place, whether a decree in favor of plaintiff was proper. It cannot be said that, in these circumstances, setting aside the decree and granting a new trial so that all the evidence on both sides may be heard demonstrates an abuse of discretion. We hold that the court did not abuse its discretion.

The order granting a new trial is affirmed and the cause remanded.

App., 363 S.W.2d 33; Walsh v. Southwestern Bell Tel. Co., 331 Mo. 118, 52 S.W.2d 839; McGinley v. McGinley, Mo. App., 170 S.W.2d 938.