**Joseph A. BRECKLE, d/b/a North County Distributors, Plaintiff-Appellant,**

v.

**VAN DYKE BREWING COMPANY, Defendant-Respondent.**

**No. 34338.**

Missouri Court of Appeals, St. Louis District, Division Two.

July 18, 1972.

Coleman, Ross & Cekovsky, Jack H. Ross, Clayton, for plaintiff-appellant.

Dalton & Zollmann, David A. Dalton, St. Charles, for defendant-appellee.

SMITH, Judge.

Plaintiff sued defendant for fraudulent misrepresentation in the execution of a contract and the jury returned a verdict for plaintiff for $10,000. The trial court granted a new trial because of error in giving an instruction and because "the verdict is against the weight of credible evidence."

The only evidence presented was by plaintiff. It consisted predominately of the testimony of the plaintiff corroborated in part by the testimony of a former employee of defendant. The trial court de- nied defendant's motions for directed verdict and for judgment in accord with its motion for directed verdict. Defendant does not claim here that the evidence was insufficient to make a case. The evidence would support a conclusion that a provision of a distributorship contract (permitting plaintiff to recover his payment pro rata if he terminated the agreement) was changed in the final typing by defendant. As changed it merely provided for the defendant to work with plaintiff to place the franchise elsewhere. The evidence also would support a conclusion that defendant, through its president, stated the retyped contract was the same as the original which plaintiff had carefully read.

Plaintiff asks us to hold that the action of the trial court granting a new trial was a clear abuse of discretion as there was no evidence to weigh. The trial court has broad discretion in granting one new trial on the ground that the verdict is against the weight of the credible evidence. Its order is not to be disturbed unless a manifest abuse of discretion appears. Where the order for new trial is in favor of the plaintiff the appellate court determines whether there is sufficient substantial evidence to sustain a verdict for the plaintiff. But where the order for new trial is in favor of the defendant, who does not have the burden of proof and need produce no evidence to prevail, the appellate court does not make such determination. The Supreme Court of this state has clearly drawn this distinction in two recent cases, Phillips v. Phillips, Mo., 443 S.W.2d 144, and Lupkey v. Weldon, Mo., 419 S. W.2d 91. Both cases present the very question raised here—the granting of a motion for new trial to a defendant who had presented no evidence. As we read those cases we can overturn the trial court's order only if we can say as a matter of law that a jury verdict for the defendant could not be permitted to stand.

Fraud is not presumed in the absence of a confidential or fiduciary relationship which is not present here.

". . . Hence, the pleader of fraud, if it be denied, is always confronted with the risk of non-persuasion of the trier of the fact and also, of course, the further risk that the trial judge will determine that the jury's finding of fraud is against the weight of the evidence." Andres v. Brown, Mo., 300 S.W.2d 800, l.c. 801.

■ We cannot here say that a defendant's verdict, as a matter of law, could not be permitted to stand.

The order of the trial court is affirmed and the cause remanded for new trial.

DOWD, P. J., and SIMEONE, J., concur.