Walter E. GILOMEN, Jr., Respondent,

v.

SOUTHWEST MISSOURI TRUCK
CENTER, INC., Appellant.

No. 14831.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 29, 1987.

Richard C. Miller, Lee Ann Miller, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for appellant.

Stephen P. Seigel, P.C., Springfield, for respondent.

CROW, Chief Judge.

Walter E. Gilomen, Jr., ("Gilomen") sued Southwest Missouri Truck Center, Inc., ("Southwest") for breach of a contract wherein Gilomen agreed to sell, and Southwest agreed to buy, a parcel of real estate owned by Gilomen. Southwest counterclaimed against Gilomen, averring that Gilomen breached the contract. Trial by jury produced a verdict in favor of Southwest on Gilomen's claim,[1] and a verdict in favor of Southwest on its counterclaim. The jury assessed Southwest's damages at $12,500. The trial court entered judgment in accordance with the verdicts.

Gilomen thereafter filed a timely motion for a new trial. The trial court granted the motion, ordering a new trial on all issues. Southwest appeals from that order. § 512.020, RSMo 1986.

Paragraph 8 of Gilomen's motion for a new trial stated:

"The Court should grant a new trial for the reason that the verdict was against the weight of the evidence since there was no credible evidence from which the jury could have found that [Gilomen] breached any contract or that [Southwest] sustained any damages."

The trial court's "Amended Order Granting Plaintiff a New Trial" provided, among other things:

"Paragraph number 8 of [Gilomen's] Motion for New Trial is sustained. Specifically, the trial Court grants [Gilomen's] Motion and a new trial is ordered upon the ground that the jury verdict is against the weight of the evidence and testimony submitted at trial, and therefore to avoid injustice, orders that the verdict and judgment heretofore entered are set aside and a new trial is ordered on all issues.

The trial Court by sustaining same on the ground above stated exercises its discretion pursuant [to] Supreme Court Rule 78.02 therein providing that one new trial may be ordered by the trial Court on that issue only, and the trial Court declares this is the first and only new trial so granted."

Southwest maintains the trial court erred in ordering a new trial on the above-stated grounds. In considering Southwest's contention, we begin by acknowledging *Veach v. Chicago and North Western Transportation Co.,* 719 S.W.2d 767 (Mo. banc 1986), where it is said:

"If a trial court grants a new trial on the ground that the verdict is against the weight of the evidence, appellate courts will decline 'to weigh the evidence in cases before them on appeal.' *Clark v. Quality Dairy Company,* 400 S.W.2d 78, 80 (Mo. 1966). 'Rule 78.02 continues the authority and discretion of the trial court to grant one new trial on the ground the verdict is against the weight of the evidence.'" *Id.* at 769[1].

We next remind the parties that in the instant case there were *two* verdicts, one on Gilomen's claim (Verdict A), and one on Southwest's counterclaim (Verdict B). As will become apparent *infra*, each must be considered separately. We begin with Verdict A.

▮ To state a cause of action for breach of contract, a plaintiff must allege (a) the making and existence of a valid and

---

1. Gilomen's petition was in two counts. The parties stipulate that Gilomen, prior to trial, "did waive Count I," and that the trial court submitted only Count II to the jury.

enforceable contract between the plaintiff and the defendant, (b) the right of the plaintiff and the obligation of the defendant thereunder, (c) a violation thereof by the defendant, and (d) damages resulting to the plaintiff from the breach. *U.S. Suzuki Motor Corp. v. Johnson,* 673 S.W.2d 105, 106[3] (Mo.App.1984); *Johnson v. Great Heritage Life Insurance Co.,* 490 S.W.2d 686, 691[11] (Mo.App.1973). To make a submissible case, each and every element essential to liability must be predicated upon legal and substantial evidence. *Mac-Fab Products, Inc. v. Bi-State Development Agency,* 726 S.W.2d 815, 819[5] (Mo. App.1987); *Shackelford v. West Central Elec. Co-Op., Inc.,* 674 S.W.2d 58, 63[10] (Mo.App.1984). The mere breach of a contract which causes no loss to the plaintiff will not sustain a suit by him for damages. *Pasquel v. Owen,* 186 F.2d 263, 271[16] (8th Cir.1950). Cf. *Beuc v. Morrissey,* 463 S.W.2d 851, 856[7] (Mo. banc 1971).

Southwest asserts there was no evidence to support a finding that Gilomen sustained any loss by reason of Southwest's alleged breach. Consequently, says Southwest, Gilomen failed to make a submissible case on his claim against Southwest.

■ Southwest correctly points out that an order granting a new trial on the ground that the verdict was against the weight of the evidence is arbitrary and an abuse of discretion when the benefiting party fails to make a submissible case. *Fischer v. Famous-Barr Co.,* 646 S.W.2d 819, 821[3] (Mo.App.1982); *Kreutz v. Wolff,* 560 S.W.2d 271, 279[17] (Mo.App. 1977). In such circumstances, an appellate court must set aside the award of the new trial. *Cunningham v. Bellerive Hotel, Inc.,* 490 S.W.2d 104, 107[1] (Mo.1973). Consequently, the scope of our inquiry, so far as Verdict A is concerned, is whether there was sufficient evidence to support a verdict for Gilomen *on his claim,* had the jury returned one. *McCann v. Burns,* 308 S.W.2d 631, 633[1] (Mo.1958). It follows that we must determine whether there was any evidence that Gilomen sustained damage.

The contract, dated May 1, 1982, stated the purchase price was $348,912.36, and that a $10 "[e]arnest deposit" was made contemporaneously with the signing, leaving a balance of $348,902.36 to be paid "on closing date." Closing was to take place June 30, 1982; however, the parties subsequently agreed to extend the date to July 30, 1982, and then to August 11, 1982. Gilomen and Southwest's president, Robert B. Schilli, met on the latter date for the purpose of closing, but no closing occurred. There was conflicting evidence as to why. Each party's evidence tended to show that the other party breached the contract. We need not synopsize the evidence on that issue, as it has no effect on the outcome of the appeal.

Gilomen testified that the fair market value of the subject real estate on June 30, 1982, was $350,000. He added that its value would have been the same on July 30, 1982, and August 11, 1982. Gilomen presented no other evidence as to the value of the tract on those dates.

Southwest's evidence showed the fair market value as of June 30, 1982, and July 30, 1982, was $370,000.

■ Southwest emphasizes that a seller's measure of damages for a buyer's breach of a contract to purchase realty is the difference between the contract price and the value of the realty on the day the contract should have been completed. *Allen v. Foster,* 668 S.W.2d 277, 280[2] (Mo. App.1984); *Leonard v. American Walnut Co., Inc.,* 609 S.W.2d 452, 455[5] (Mo.App. 1980). Southwest insists that inasmuch as all of the evidence showed the fair market value of the subject tract at all times material herein was *more* than the sum Gilomen would have received had the sale been closed, Gilomen failed to show he had been damaged by Southwest's alleged breach. Accordingly, says Southwest, no submissible case was made on Gilomen's claim.

Nowhere in his briefs [2] does Gilomen refute Southwest's contention or explain how he was damaged, and in our analysis of the point we find no flaw in Southwest's prem-

2. Each party filed a brief and a supplemental brief.

ise. We therefore hold that as there was *no* evidence to support a finding that Gilomen sustained damage because the sale failed to close, the trial court abused its discretion, and thereby erred, in ordering a new trial on Gilomen's claim on the ground that Verdict A was against the weight of the evidence.

The only other assignment of error in Gilomen's motion for a new trial that might—if meritorious—justify the award of a new trial on his claim against Southwest was paragraph 10, which predicated error on the giving of instructions 7 and 11. Of those two, only instruction 7 pertained to Gilomen's claim against Southwest, so it is the only instruction germane to Verdict A.

The trial court, as we comprehend its amended order granting the new trial, sustained paragraph 10 of Gilomen's motion insofar as that paragraph complained of instruction 11. The trial court's order made no mention of instruction 7. The trial court's order did, however, state: "The Court herein rules against [Gilomen] on all remaining points set forth in [Gilomen's] Motion for new trial." Whether, by failing to mention instruction 7 in its order, the trial court meant to reject Gilomen's complaint about such instruction is, as shall become apparent, a matter on which we need not speculate.

Instruction 7 was the verdict-directing instruction on Gilomen's claim. The copy of instruction 7 in the record on appeal does not identify the party who tendered it, a violation of Rule 70.02(d), Missouri Rules of Civil Procedure (17th ed. 1986). We have therefore seined the segment of the transcript captioned "Instruction Conference" in an effort to ascertain who requested the trial court to give instruction 7. In that conference, Southwest's attorney said, "I object to all of [Gilomen's] instructions which would be ... beginning with 6,

7...." Southwest's attorney continued, "I primarily have specific objections to Instruction No. 7, which is [Gilomen's] Verdict Director." Still later, Southwest's attorney said, "Specifically with respect to Instruction No. 7, which is the verdict director, [Gilomen] has used MAI 26.06...."

Pertinent to our investigation, Gilomen's attorney said: "Your Honor, [Gilomen] objects generally to all of [Southwest's] instructions. Which would be Instructions No. 11, No. 13 and the verdict form B."

■ The only reasonable deduction from the above clues is that instruction 7 was given at the behest of Gilomen. That being so, even if instruction 7 be erroneous (an issue we need not decide), the error would not afford Gilomen a basis for a new trial on his claim against Southwest, as a party cannot complain about the giving of an erroneous instruction which such party requested. *Sullivan v. KSD/KSD–TV,* 661 S.W.2d 49, 51[4] (Mo.App.1983); *Stevenson v. First National Bank of Callaway County,* 604 S.W.2d 791, 795[8] (Mo. App.1980).

■ As Gilomen's motion for a new trial contained no further assignment of error relevant to the award of a new trial on his claim against Southwest, we set aside that portion of the trial court's order awarding a new trial on such claim.[3]

We turn now to Verdict B.

■ As noted in our discussion of Verdict A, a trial court has authority and discretion to grant one new trial on the ground that the verdict is against the weight of the evidence. Where there is substantial evidence to support a verdict for the party to whom the new trial was granted, the order of the trial court cannot be held to be an abuse of discretion. *Kreutz,* 560 S.W.2d at 279[18]; *Day v. Mayberry,* 421 S.W.2d 34, 38[2] (Mo.App.

**3.** For a discussion of the procedural ramifications when a trial court grants a new trial for specified reasons, but rejects other assignments of error in a motion for a new trial that would have arguably justified the order, and an appellate court thereafter holds that the trial court erred in ordering the new trial for the reasons the trial court enumerated, see *Cole v. St. Louis-San Francisco Ry. Co.,* 332 Mo. 999, 61 S.W.2d 344, 347[5–7] (banc 1933); *Burke v. Moyer,* 621 S.W.2d 75, 82[18, 19] (Mo.App.1981); *Hoehn v. Hampton,* 483 S.W.2d 403, 407[1, 2] (Mo.App. 1972).

1967). We must emphasize, however, that this principle applies only where the party bearing the burden of proof is the beneficiary of the order granting the new trial. Where the party who does not bear the burden of proof is the beneficiary of the order granting the new trial, the analysis is different.

In *Phillips v. Phillips*, 443 S.W.2d 144, 145–46[1] (Mo. banc 1969), it is said:

"Plaintiff contends that the [trial] court abused its discretion in granting defendant a new trial on the ground that the decree was against the weight of the evidence, because, since defendant presented no evidence, there was no evidence to weigh. The cases cited by plaintiff which may be said to be applicable to his point are, in general, cases involving the grant of a new trial to a plaintiff (who has the burden of proof and whose case must be supported by sufficient substantial evidence) on the ground the verdict was against the weight of the evidence, as distinguished from those involving the grant of a new trial to a defendant (who does not have that burden, who need present no evidence to prevail, and whose case need not be supported by sufficient substantial evidence) on that ground. This court held recently that where a new trial has been granted a defendant on the ground the verdict was against the weight of the evidence, the appellate court will not determine whether there was sufficient substantial evidence to sustain a verdict for that party. *Lupkey v. Weldon*, Mo., 419 S.W.2d 91, 93[2] [1967]." (Footnote omitted.)

In *Lupkey*, 419 S.W.2d at 93, the Supreme Court said:

"... we will overturn an order granting a new trial on the ground the verdict was against the weight of the evidence only in cases where no verdict in favor of the party at whose instance the new trial was granted 'could ever be permitted to stand.'"

A cogent conspectus of *Phillips* and *Lupkey* appears in *Breckle v. Van Dyke*

*Brewing Co.*, 483 S.W.2d 672, 673[1] (Mo. App.1972):

"Where the order for new trial [on the ground that the verdict is against the weight of the evidence] is in favor of the plaintiff the appellate court determines whether there is sufficient substantial evidence to sustain a verdict for the plaintiff. But where the order for new trial is in favor of the defendant, who does not have the burden of proof and need produce no evidence to prevail, the appellate court does not make such determination. The Supreme Court of this state has clearly drawn this distinction in two recent cases, Phillips ... and Lupkey.... Both cases present the very question raised here—the granting of a motion for new trial to a defendant who had presented no evidence. As we read those cases we can overturn the trial court's order only if we can say as a matter of law that a jury verdict for the defendant could not be permitted to stand."

Southwest, of course, bore the burden of proof on its counterclaim against Gilomen, thus a verdict in Gilomen's favor on the counterclaim could be permitted to stand even had Gilomen presented no evidence. That being so, it is clear from *Phillips*, *Lupkey* and *Breckle* that the action of the trial court in ordering a new trial on Southwest's counterclaim against Gilomen on the ground that Verdict B was against the weight of the evidence cannot be disturbed by us on this appeal.

Having decided that, we need not consider the other grounds relied on by the trial court in ordering the new trial (which pertained to perceived instructional error on the counterclaim), nor need we address the other assignments of error briefed by Southwest attacking the new trial order.

That portion of the trial court's amended order awarding Gilomen a new trial on his claim against Southwest is reversed; that portion of the trial court's amended order awarding Gilomen a new trial on Southwest's counterclaim against him is affirmed. The cause is remanded to the trial court with directions to reinstate Verdict A,

and for further proceedings on Southwest's counterclaim against Gilomen. Costs of this appeal are taxed half against Southwest and half against Gilomen.

GREENE, P.J., and HOLSTEIN, J., concur.