Peter J. **LANDIS,** Appellant,

v.

**SUMNER MANUFACTURING COMPANY, INC.,** Respondent.

No. WD 39385.

Missouri Court of Appeals, Western District.

March 8, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 3, 1988.

E. Wayne Taff, Sherman, Wickens, Lysaught & Speck, P.C., Kansas City, Mary Trippler, Faegre & Benson, Minneapolis, Minn., for appellant.

Glenn E. Bradford, Beamer, Slagg, Bradford & McCormick, Kansas City, for respondent.

Before PRITCHARD, J., Presiding, and GAITAN and COVINGTON, JJ.

COVINGTON, Judge.

Plaintiff, Peter Landis, was injured while lifting a piece of equipment, an "apple stacker", with a Roust–A–Bout portable crane (RAB) manufactured by Sumner Manufacturing Company. Landis' suit against Sumner was based upon strict liability for defective product design. The jury returned a verdict for Landis in the amount of $165,000.00. The trial court granted Sumner's motion for judgment notwithstanding the verdict and granted Sumner's alternative motion for new trial on the ground that the verdict was against the weight of the evidence. Landis appeals the trial court's order, asserting trial court error in granting Sumner's motion for judgment n.o.v. and in granting Sumner's alternative motion for a new trial. The judgment notwithstanding the verdict is reversed; the grant of a new trial is affirmed.

Landis first challenges the trial court's having granted Sumner's motion for judgment n.o.v., arguing that he made a submissible case based upon strict liability for defective product design.

In considering whether the plaintiff made a submissible case, the reviewing court must consider the evidence in the light most favorable to the plaintiff, taking his evidence as true if not entirely unreasonable or contrary to physical facts, giving him the benefit of all reasonable inferences arising from the evidence, rejecting all unfavorable inferences, and disregarding defendant's evidence except as it aids the plaintiff's case. *Kuehle v. Patrick,* 646 S.W.2d 845, 846–47 (Mo.App.1982). Proof of facts essential to submissibility, however, may not rest upon speculation and conjecture. *Majors v. Butner,* 702 S.W.2d 539, 544 (Mo.App.1985).

Landis' strict liability claim for defective product design was submitted under MAI 25.04 which required Landis to adduce sufficient evidence to support the following elements: Sumner sold the RAB in the course of its business; and, the RAB was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use; and, the RAB was used in a manner reasonably anticipated; and Landis was damaged as a direct result of the defective condition as existed when the RAB was sold.

In reviewing a judgment n.o.v. entered after a plaintiff's verdict, the reviewing court will not evaluate whether the trial court's reason for granting the judgment n.o.v. was proper; rather, the trial court's entry of judgment will be affirmed if supportable on any ground assigned as to the sufficiency of the evidence in defendant's post trial motions and carried forward in the defendant's appellate brief. *King v. Clifton,* 648 S.W.2d 193, 196–97 (Mo.App. 1983).

The sole ground carried forward by Sumner in its brief, and the sole issue in controversy as to sufficiency of the evidence, is whether Landis was damaged as a direct result of the defective design of the RAB. Sumner's challenge to Landis' evidence is directed exclusively to the testimony of Landis' expert witness Thomas R. Crane. Sumner contends that Crane's testimony was the only evidence related to causation and that Crane's testimony was not substantial evidence of causation. Because the evidence independent of Crane's testimony was sufficient to make a submissible case, it is not necessary to consider Sumner's arguments directed at Crane's testimony.

Landis' theory was that the RAB tipped, because of its inherent instability when lifting at an angle, and allowed the apple stacker to fall. The evidence on the issue of causation is summarized as follows. On August 15, 1981, at his place of employment, the Speaco plant, Landis and four other employees were engaged in attempting to lift a 900–pound piece of equipment known as an "apple stacker" with a portable crane (the RAB) manufactured by Sumner. The RAB has four legs, two long and two short, which support a vertical mast equipped with two winches. One winch raises a telescoping mast; the other is used to reel in a cable which is suspended from the top of the mast. The mast is offset so that loads can be positioned either over the long or short legs. The RAB is equipped with wheels which allow it to be rolled freely in any direction. The wheels can be locked; however, the wheels were unlocked during the lift.

The apple stacker measured approximately $4' \times 5' \times 15$–$18'$. The apple stacker was lying on its side. The RAB was rolled up against the end of the apple stacker, but the five foot width of the apple stacker would not fit between the legs of the RAB. Expert witness Donald Dressler testified that, in this configuration, the lift could not have been made with the RAB's cable being perfectly vertical.

The apple stacker was attached to the RAB with a hook which connected the RAB's cable to a chain which had been wrapped around the apple stacker. The rear legs of the apple stacker had been braced to prevent it from sliding backwards, and the front end was being raised in an attempt to bring it from its original horizontal position to a vertical position. The lift was being made by Landis and his supervisor, Mike Kraus', alternately raising the mast and reeling in the cable. Landis was standing on the back legs of the

RAB to keep it in balance because the back legs had "bounced" from time to time during the lift. Landis was cranking up the mast, and Kraus was standing near to the back legs, operating the cable winch. As Landis and Kraus lifted the apple stacker, they rolled the RAB forward toward the apple stacker to keep it in balance.

At the time of the accident, the apple stacker had been lifted to a height of 5 to 6 feet, and the RAB's mast had been extended to a height of 13 to 15 feet. At the moment of the accident, nothing was happening. Neither Landis nor Kraus was operating the winches. The RAB was not moving forward on its wheels.

Dave Nickell, the Speaco plant manager, was standing at the far end of the apple stacker, away from the RAB. David Paugh, a maintenance worker, was standing behind Landis. Donald Paugh, the president of Speaco, was 30 to 35 feet away, not looking in the direction of the accident. No one actually saw what happened.

After the accident, Landis was lying on the ground. He observed the RAB lying on its side over to the right. Kraus had been hit by the back legs of the RAB at approximately calf height and knocked down. The hook was still connected to the RAB's cable, but the "keeper" in the hook was bent, and the chain around the apple stacker was no longer attached to the hook. No one heard the rigging slip. The chain was not broken. There was no physical evidence that the 900 pound apple stacker had fallen onto the legs of the RAB. David Paugh testified that the rigging did not slip. He further observed that, immediately following the accident, the RAB was "bouncing and jerking around."

■ Although evidence of causation is purely circumstantial, proof of essential facts may be accomplished by circumstantial evidence so long as the desired inference is established "with such certainty as to cause it to be the more probable of the conclusions to be drawn." *Vaughan v. Taft Broadcasting Co.*, 708 S.W.2d 656, 661 (Mo. banc 1986). The facts proved must be so connected and related to each other that the conclusion may be fairly inferred. *Morris v. Israel Brothers, Inc.*, 510 S.W.2d 437, 442 (Mo.1974). It is not enough, however, that the evidence show equally possible yet inconsistent conclusions; a verdict for plaintiff would then necessarily rest on speculation and conjecture. *Ward by Walker v. McQueen*, 670 S.W.2d 176, 177 (Mo.App.1984). Circumstantial evidence must rise above guesswork, speculation or surmise. *Rusk Farms, Inc. v. Ralston Purina Co.*, 689 S.W.2d 671, 680 (Mo.App.1985).

■ Viewed in the light most favorable to Landis and disregarding all unfavorable evidence and inferences, the evidence supports Landis' theory that his injuries were the direct result of the defective design of the RAB. It can be fairly inferred that the instability of the RAB during the lift, as evidenced by the bouncing of the back legs and the need for Landis to stand on them, enabled the RAB to tip, releasing the load. Tipping of the RAB is evidenced by Landis' testimony that he saw the RAB lying on its side over to the right after the accident. Tipping is also supported by David Paugh's testimony that immediately after the accident, the RAB was "bouncing and jerking around," coupled with the fact that the apple stacker did not fall onto the legs of the RAB. Testimony that the rigging did not slip, and that the chain did not break, eliminates other plausible causes.

Sumner's sole suggestion regarding the cause of the accident was that the chain holding the apple stacker somehow disengaged from the RAB's hook and allowed the apple stacker to drop. This suggestion was made by counsel in Sumner's opening statement and was merely an inference drawn from the expected testimony of David Paugh. If the load had simply dropped, it would have damaged the legs of the RAB. Landis' evidence established, however, that the legs of the RAB were not damaged. Tipping of the RAB is, therefore, the more probable of the conclusions to be drawn from Landis' evidence of causation, and the facts proved are so connected and related to each other that the conclusion may be fairly inferred. The evi-

dence was sufficient to permit plaintiff's case to be submitted to the jury. The trial court's entry of judgment n.o.v. was error.

In his second point Landis asserts that the trial court erred in granting Sumner's alternative motion for new trial because the record contains no evidence to support a finding in favor of Sumner.

■ Generally, a trial court has discretion to grant one new trial on the ground that the verdict is against the weight of the evidence. Rule 78.02. The trial court's order granting a new trial is presumptively correct, *Reyes v. St. Luke's Hospital of Kansas City*, 716 S.W.2d 294, 296 (Mo.App. 1986), and will be disturbed only in the event of a manifest abuse of discretion. *Phillips v. Phillips*, 443 S.W.2d 144, 146 (Mo. banc 1969). Where evidence exists to support a verdict in favor of the party receiving the new trial, the trial court does not abuse its discretion in granting it. *Robinson v. Wampler*, 389 S.W.2d 757, 760 (Mo.1965). These general principles apply to instances in which the new trial is granted to the plaintiff. When the new trial is granted to the defendant, the rule operates differently. *Lupkey v. Weldon*, 419 S.W.2d 91, 94 (Mo. banc 1967) (Seiler, J., concurring); *Reyes*, 716 S.W.2d at 295.

■ Where the defendant, rather than the plaintiff, is granted a new trial on the ground that the verdict was against the weight of the evidence, the appellate court is not required to determine whether the evidence was sufficient to support a verdict for the defendant because the defendant is not required to present evidence to weigh. *Phillips*, 443 S.W.2d at 146; *Reyes*, 716 S.W.2d at 295. Because a verdict for Sumner could stand without any substantial evidence having been adduced in its favor, the trial court was within its discretion to grant Sumner a new trial.

■ Landis' third point challenges the policy of appellate court deference to trial court assessments of the weight of the evidence in granting a new trial. He argues that his right to jury trial at the first trial of a lawsuit is rendered meaningless, thereby affecting his rights under the Seventh Amendment to the United States Constitution, unless the appellate court reweighs the evidence in order to determine whether or not the trial court abused its discretion. In essence, Landis asserts that this court, rather than the trial court, should decide whether the evidence presented requires reconsideration by a new jury.

Missouri has long recognized that the trial court has inherent power to weigh the evidence and to grant a new trial on the ground that the verdict is against the weight of the evidence. The history of the power from 1648 to 1914 is traced in *Devine v. City of St. Louis*, 257 Mo. 470, 165 S.W. 1014, 1015–17 (1914). The granting of one new trial on this ground is authorized by Rule 78.02, and does not, in itself, invade the right of trial by jury. *King v. Kansas City Life Insurance Co.*, 350 Mo. 75, 164 S.W.2d 458, 464 (Mo. banc 1942).

A challenge similar to that made by Landis was presented to the Missouri Supreme Court in *Clark v. Quality Dairy Company*, 400 S.W.2d 78 (Mo.1966). There, after a jury verdict for defendant in an automobile negligence case, the trial court, on its own motion, granted the plaintiff a new trial on the ground that the verdict was against the weight of the evidence. On appeal, defendant conceded that the plaintiff made a submissible case but argued that the long-standing appellate policy should be changed to require the appellate courts to reweigh the evidence. Although it did not directly address the constitutional issue, the supreme court disagreed. After reviewing at length the many cases in which the underlying reasons for the policy have been discussed, *Id.* at 80–82, the court summarized:

> The policy is founded upon the fundamental inappropriateness of appellate courts' endeavoring to weigh evidence. We have only the cold transcript before us which reveals very few of the numerous factors to be considered in weighing evidence ... [W]eighing evidence is not simply quantitative analysis, but is primarily qualitative analysis. While we might well determine which litigant pro-

duced the larger quantity of evidence, our position is far inferior to that of the trial court in analyzing the quality of the evidence. Consequently we must rely upon the trial court's proper use of the discretion entrusted to it in such matters.... [T]he long-established policy of the appellate courts of this state upon review of an order such as that involved here has a valid and substantial basis in the historic distinction between the proper role of trial and appellate courts. We decline appellant's urging to apply a different policy in this and future cases.

*Id.* at 82–83.

In *Gentry v. Douglas,* 744 S.W.2d 788, 789 (Mo. banc 1988), the appellant challenged the constitutionality of Section 510.-330, RSMo 1986, which provides, in part, "[a] new trial may be granted for any of the reasons for which new trials have heretofore been granted.... Only one new trial shall be allowed on the ground that the verdict is against the weight of the evidence." Appellant contended that the statute and the standard of review combined to deny him his right to a jury trial under Mo. Const. art. I, § 22(a). The supreme court adhered to the reasoning of *Clark* that the trial court is in the best position to weigh the quality and the quantity of the evidence and that, if it finds a verdict is against the weight of the evidence, "it must have the discretion to order a new trial to protect the right to a jury trial. It is then prohibited by Section 510.-330 from granting another trial on weight of the evidence grounds. This limitation insures judicious use of discretion." *Id.* The supreme court specifically held Section 510.330 constitutionally valid. The alternative grant of a new trial is affirmed.

■ Landis' final point claims that the trial court erred in denying his motion to tax as costs, for the purpose of appellate review, the expense of preparation of a written transcript of segments of the audio portion of videotaped depositions offered at trial. Assessment of costs of the record on appeal is the subject of Rule 84.18 and is not a matter within the jurisdiction of the trial court.

The judgment notwithstanding the verdict is reversed; the grant of a new trial is affirmed. Cause remanded for a new trial.

All concur.