Arthur F. SIMPKINS and Sandra C. Simpkins, Appellants,

Employers Mutual Casualty Company, Plaintiff,

v.

RYDER FREIGHT SYSTEM, INC., Respondent,

Robert B. Halford and Sandra L. Halford, Defendants.

No. WD 49483.

Missouri Court of Appeals, Western District.

April 4, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1995.

Application for Transfer Sustained July 25, 1995.

Case Retransferred Nov. 21, 1995.

Court of Appeals Opinion Readopted Dec. 8, 1995.

---

1. The monthly house payment is $818.00; the monthly maintenance payment is $800.00.

David Eugene Elliott, Lee's Summit, for appellants.

David Eric Larson, Kansas City, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

SPINDEN, Presiding Judge.

This case appears before us on appeal for the second time after three jury trials. Arthur and Sandra Simpkins obtained a $1.3 million verdict against Ryder Freight System, Inc., in the third trial which, by court order, involved only damage issues—not liability. The Simpkinses appeal the trial court's ordering a new trial. They complain that the court could not grant Ryder a new trial because a verdict for Ryder was not possible and, therefore, granting Ryder a new trial was an abuse of discretion. They also complain that a fourth trial will be on both liability and damages issues. They are wrong on both points.

This dispute arose out of a collision on December 16, 1986, in Jackson County between the Simpkinses' automobile and a semi-trailer truck operated by Robert B. Halford and Sandra L. Halford. The truck entered the lane in which the Simpkinses' car was traveling. The truck's rear tires rolled into the side of the Simpkinses' car and almost forced the car off of the road.

On September 30, 1988, the Simpkinses and Employers Mutual Casualty Company, the Simpkinses' insurer, sued Ryder, as owner of the truck, and the Halfords. The petition alleged that the collision was done "with the intent to cause [the Simpkinses] bodily harm, or apprehension of bodily harm, or both, and without just cause or excuse." Neither the Halfords nor Employers Mutual Casualty remain parties to this lawsuit. The Halfords were not served with process and were dismissed from the suit before trial began.

Ryder did not comply with the trial court's discovery orders. As a sanction, the trial court granted default judgment against Ryder on the issue of liability and allowed trial only on the damage issues.

This is the second appeal of this case. The first trial ended in a mistrial on January 8, 1991. The second ended in a verdict for Ryder on November 14, 1991, but this court reversed the judgment and ordered a new trial. *Simpkins v. Ryder Freight System, Inc.*, 855 S.W.2d 416 (Mo.App.1993). The third trial resulted in a verdict for the Simpkinses on March 9, 1994. At each trial neither of the Simpkinses claimed to have suffered any physical injury; nor did either seek psychological or psychiatric treatment.

After the third trial, Ryder filed a motion in which it prayed for a new trial "on all issues." The motion stated several grounds for relief, including that the verdict was against the weight of the evidence. The trial court granted Ryder's motion for new trial on May 16, 1994. The court said that "the verdicts in favor of plaintiffs Arthur and Sandra Simpkins were against the weight of the evidence and, therefore, pursuant to Rule 78.02, [the court] hereby grants a new trial on that ground."

■ "[T]he trial court has the widest discretion to grant a new trial" on the ground that the verdict is against the weight of the evidence. *Ray v. Gabbard*, 886 S.W.2d 696, 698 (Mo.App.1994). This order granting a new trial is presumed correct, *Landis v. Sumner Manufacturing Co.*, 750 S.W.2d 466, 470 (Mo.App.1988), and "will not be disturbed, except in case of manifest abuse of discretion." *Phillips v. Phillips*, 443 S.W.2d 144, 146 (Mo. banc 1969). To decide whether the trial court committed a manifest abuse of discretion, we do not need to determine whether the evidence was sufficient to support a verdict for Ryder. Ryder, as the defendant, was not required to present any evidence at trial. *Id.* We need only determine whether a verdict for Ryder " 'could stand without any substantial evidence having been adduced in its favor[.]' " *Torre Specialties, Inc. v. Coates*, 832 S.W.2d 914, 918 (Mo.App.1992) (quoting *Landis*, 750 S.W.2d at 470).

■ The Simpkinses assert that the trial court was powerless to grant Ryder's motion for new trial. They reason from case law that a court abuses its discretion when it

grants a defendant a new trial in a case in which, as a matter of law, a jury verdict for the defendant could not be permitted to stand. *Lupkey v. Weldon,* 419 S.W.2d 91, 93 (Mo. banc 1967); *Gilomen v. Southwest Missouri Truck Center, Inc.,* 737 S.W.2d 499, 503 (Mo.App.1987); *Breckle v. Van Dyke Brewing Company,* 483 S.W.2d 672, 673 (Mo.App. 1972). The Simpkinses argue that because the trial court had granted judgment against Ryder on the issue of liability, they were entitled to at least a judgment for nominal damages, and this entitlement to nominal damages precluded a judgment for the defendant on the issue of damages as a matter of law. Hence, they assert, because a verdict for Ryder could not stand, the trial court abused its discretion in granting Ryder's motion for a new trial.

■ The Simpkinses misunderstand the rule of law enunciated in *Lupkey.* The rule provides that a trial court abuses its discretion in granting the defendant's request for a new trial when a jury *verdict* for the defendant could not be permitted to stand. The Simpkinses wrongly believe that a *judgment* for nominal damages constitutes a verdict.

As we recognized in the first appeal of this case, proof of assault and battery entitles a plaintiff to recover nominal damages although the plaintiff does not establish any actual loss. *Simpkins,* 855 S.W.2d at 422. We made clear, however, that nominal damages "are not true damages at all, but imputed to vindicate an invasion of right that otherwise would go without redress[.]" *Id.* " 'Nominal damages' are damages in name only—'a mere peg to hang costs on[.]' " *Davis v. Broughton,* 369 S.W.2d 857, 864 (Mo.App.1963) (footnotes omitted). "In reality, nominal damages are damages which exist in name only, and not in fact or in amount; they are the same as no damages at all." 25 C.J.S. *Damages* § 8 (1966).

We noted in the first appeal that a plaintiff who establishes that he has been wronged by an assault and battery but cannot prove actual damages still is entitled to a *judgment* for nominal damages. *Simpkins,* 855 S.W.2d at 422–23. The *Lupkey* rule, however, concerns cases in which a *verdict* for the defendant cannot stand. "A verdict is the definitive answer given by the jury to the court concerning matters of fact committed to the jury for [its] deliberation and determination.... Before *judgment* may be entered on a *verdict,* it must be determined the jury intended its decision to be final and determinative." *Delaney v. Gibson,* 639 S.W.2d 601, 603 (Mo. banc 1982) (emphasis added) (citations omitted).

The law cannot impute nominal damages until the jury returns a verdict in favor of the defendant by finding that the plaintiff has established no loss. Indeed, in the instructions, the court set nominal damages at $1 and instructed the jury to place this amount in the space provided for actual damages on the verdict form. The jury was to do this only if it believed that the plaintiffs "sustained no actual damages." In other words, had the jury returned a verdict for Ryder, the trial court was prepared to impute a judgment of $1 in favor of the Simpkinses as a matter of law.

Hence, the jury could have returned a verdict for Ryder in this case by finding that the Simpkinses suffered no actual loss. The *Lupkey* rule, therefore, does not bar a new trial, and the trial court did not abuse its discretion in granting Ryder's motion.

■ The Simpkinses also claim that because the order did not expressly limit the new trial to the damage issues, the new trial was improperly granted on all issues, including liability. The Simpkinses misread the order.

■ Rule 78.01 authorizes a trial court to grant a new trial on all or part of the issues and to exercise sound discretion in determining whether a new trial should be granted. When the trial court orders a new trial, Rule 78.03 requires that the order specify the ground or grounds for granting a new trial. The purpose of this requirement is "to define and limit the issues cognizable on appeal, at least initially, and thus conserve judicial and legal time and promote clarity and establish reasonable limits to the scope of judicial decisions by confining the appeal to specific issues." *Hightower v. Hightower,* 590 S.W.2d 99, 103 (Mo.App.1979). The trial court's order is the only repository for the court's

grounds, thoughts, or reasons for sustaining a motion for new trial. *Land Clearance for Redevelopment Authority of City of Joplin v. Joplin Union Depot Company*, 429 S.W.2d 806, 808 (Mo.App.1968).

The trial court complied with Rule 78.03 by specifying the ground upon which it granted the motion for a new trial. When a trial court grants a new trial on a specified basis, that ruling constitutes an overruling of all other grounds asserted by the movant in its motion for a new trial. *Burke v. Moyer*, 621 S.W.2d 75, 82 (Mo.App.1981); *Burnett v. Johnson*, 349 S.W.2d 19, 24 (Mo.1961). Hence, all other grounds asserted by Ryder as a basis for granting a new trial—including its allegations that the trial court erred in ordering sanctions—were overruled by the trial court in its order.

Because we do not have any right to "go behind what is clearly expressed in the order," *State ex rel. State Highway Commission v. Vaught*, 400 S.W.2d 153, 154 (Mo. 1966), we accept the order at face value. It granted a new trial on the sole, specified ground that the verdict was against the weight of the evidence. *Burr v. Singh*, 362 Mo. 692, 243 S.W.2d 295, 300 (1951). Accordingly, the new trial ordered by the trial court is restricted to the issues presented in the initial trial of the case because no other grounds for granting a new trial were indicated in the trial court's order other than that the verdict was against the weight of the evidence.

All concur.