**Marvin L. RICE, Plaintiff–Respondent,**

v.

**WEST END MOTORS, CO., Defendant–Appellant.**

**No. 67338.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 12, 1995.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

Lori R. Koch, Goffstein, Kraus, Sherman & Weinberg, St. Louis, for appellant.

Marvin L. Rice, Belleville, pro se.

KAROHL, Acting Presiding Judge.

West End Motors, Company [West End] appeals judgment for Marvin L. Rice [Rice] on his petition for breach of contract. After a judgment for Rice in small claims court, West End appealed. The trial judge entered a judgment for Rice in the amount of $1250 and costs. West End appeals claiming the court erred in entering a judgment for Rice solely because there was no evidence to support a finding of damages. We reverse.

Rice testified without counsel. He did not file a response brief before this court. Before reaching the merits we are constrained to observe the transcript of proceedings was made from a tape recording system and major portions of questions and answers were "inaudible."

■ Rice testified he negotiated to purchase an automobile from West End. He arranged a bank loan to pay cash. After the agreement was reached, he requested West End to repair the brakes on the vehicle. During the time when the repairs were to be made, West End sold the vehicle to someone else. There was no evidence Rice had damages by reason of his deposit. His check was uncashed and the funds were returned. There was no evidence Rice incurred any expenses at the bank in connection with his loan, nor any evidence of value on the automobile in relation to the agreed purchase price. Hence, there was no evidence to support finding any loss or damage.

■ We will sustain a judgment in a court tried case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). To state a cause of action for breach of contract, a plaintiff must allege the following: 1) the existence of an enforceable contract between the parties; 2) mutual obligations arising under the terms of the contract; 3) defendant did not perform; and 4) plaintiff was thereby damaged from the breach. *Gilomen v. Southwest Missouri Truck Center, Inc.*, 737 S.W.2d 499, 500–501 (Mo.App.1987). Damages are an essential element of a cause of action for breach of contract and must be proven. *Id.* at 501. The mere breach of a contract which causes no loss to plaintiff will not support a judgment. *Id.*

In reviewing Rice's evidence in light of these rules, the judgment for Rice in the amount of $1250 and costs is reversed. Costs against Rice.

PUDLOWSKI and WHITE, JJ., concur.