**Michael W. CRABTREE, (Plaintiff) Appellant,**

v.

**Paul J. REED, (Defendant) Respondent.**

**No. 56719.**

Supreme Court of Missouri, Division No. 1.

April 9, 1973.

Motion for Rehearing or to Transfer to Court En Banc Denied May 14, 1973.

Irl B. Baris, Leonard J. Frankel, Newmark & Baris, St. Louis, for (plaintiff) appellant.

Heneghan, Roberts & Godfrey, Kemper R. Coffelt, St. Louis, for (defendant) respondent, Paul J. Reed.

WELBORN, Commissioner.

Action for damages for personal injury arising out of automobile collision. Plaintiff sought $35,000 award. Jury verdict was in favor of plaintiff for $1,000. His motion for new trial on grounds of inadequacy of the verdict was overruled and he appealed. (Notice of appeal was filed prior to January 1, 1972.)

Michael W. Crabtree was the driver of an auto that was struck by one driven by Paul J. Reed in the vicinity of Brown Road and Interstate Highway 70 in St. Louis County on December 23, 1965.

Insofar as the primary issue on this appeal is concerned, plaintiff's testimony on the trial of his claim for damages for injuries arising out of the collision was that, although, shortly after the collision, he told Reed and an investigating police officer that he was not injured, he developed pain in his back the next morning which resulted in: a visit to a doctor on December 30, 1965; hospitalization for four days beginning January 7, 1966; 20 to 25 subsequent visits to a doctor; hospitalization again for two days in March, 1969; and other forms and methods of treatment. Plaintiff's physician diagnosed plaintiff's injury as a lumbo-sacral sprain, which he attributed to the injury in the collision. He was of the opinion that the condition was permanent.

Plaintiff testified that he lost one day of work in the week following the accident; that he was off work from January 6, 1966 to February 14, 1966, and two days in March 1969. At the time of the accident, plaintiff was a city truck driver, but because of the pain the condition caused, he was obliged to change jobs and become an over-the-road driver, without loss of income.

On this appeal, plaintiff asserts that his evidence would have supported a finding of special damages totalling $1,845.58, including medical services of $314, hospital expense of $373, medicine $200, firm mattress prescribed by physician $165, and lost wages $793.58.

Defendant's medical evidence, as summarized in appellant's brief, was from a physician who examined plaintiff on September 23, 1966, and " * * * as a result of

his examination and reviewing X-rays, * * * concluded that there was no physical or radiological objective findings indicative of a trauma to confirm the subject complaints of plaintiff and that in his opinion no permanent disability was sustained in the automobile accident."

■ Given the posture of the case, this court cannot say that the trial court abused its discretion in overruling plaintiff's motion for new trial on the grounds of inadequacy of the verdict. There was conflicting evidence as to the nature, extent and cause of plaintiff's injuries and subjective complaints. Such evidence serves to distinguish this case from the only case cited and relied upon by plaintiff which tends to support his position here. In Pinkston v. McClanahan, 350 S.W.2d 724 (Mo.1961) in which this court awarded a new trial on the grounds of inadequacy of a verdict, there was uncontradicted objective evidence of six fractures sustained by a pedestrian struck by an automobile. She had $1,711 in medical expenses and the court held that in view of the nature and extent of the injuries an allowance of $288 for pain and suffering, past and future, was "so shockingly inadequate as to require a new trial." 350 S.W.2d 729 [7].

■ Cases such as Sapp v. Key, 287 S.W.2d 775 (Mo.1956); Underwood v. Brockmeyer, 318 S.W.2d 192 (Mo.1958), and McFarland v. Wildhaber, 334 S.W.2d 1 (Mo.1960), cited by appellant, are not in point. In those cases this court reviewed and affirmed orders of the trial court granting a new trial on the grounds of inadequacy of the verdict. Although the essential question on appellate review of an order either granting or denying a motion for new trial on the grounds of inadequacy of the verdict is whether or not the trial court has abused its discretion, where the trial court has granted the motion, only the evidence which would have supported a larger verdict is looked to, whereas when the motion is refused, appellate review is limited to consideration of the evidence which supports the trial court's action. Pinkston v. McClanahan, supra.

The defendant's medical evidence together with the doubt cast upon the claim of lost wages by plaintiff's admission that he had at least 40 over-the-road jobs during 1966, apart from his regular employment, support the verdict and preclude any finding in this court that the trial court's order was an abuse of discretion. Boehmer v. Boggiano, 412 S.W.2d 103, 110–111 [7–10] (Mo.1967); Homeyer v. Wyandotte Chemical Corporation, 421 S.W.2d 306 (Mo. 1967); Mullikin v. Nimmo, 465 S.W.2d 20 (Mo.App.1971).

Cases in which appellate courts have found an award of a larger amount than here involved not *excessive* for injuries comparable to those which plaintiff here claims to have sustained are of no assistance in passing on the question here presented. The question presented by those cases does not involve the principles which control appellate review in this case.

In the course of his direct examination plaintiff was asked about his hospitalization in January, 1966. He was then asked:

"Q Was that bill paid? A Yes.

"MR. COFFELT: I am going to object unless this man paid that bill himself regarding the reasonable charges. I am going to object unless this man's testimony

"THE COURT: This—He said the bill was paid and I don't know who paid, but you can ask him on cross-examination and find that out. I'll overrule the objection."

On cross-examination the following occurred:

"Q I am going right to these medical bills, Mr. Crabtree. It is my understanding you didn't pay any of these bills or a total amount?

"MR. FRANKEL: I am going to object to this line of questioning. The fact that

the bills have been paid makes no difference as to who paid any portion of the medical charges.

"THE COURT: They are also a part of this case and I think this matter should be explored on cross-examination, so I'll overrule your objection.

"Q (BY MR. COFFELT) As a matter of fact, these bills that you are talking about were actually paid—

"A Part of it, I paid part, that is right.

"Q You had some insurance that actually paid these hospital bills?

"A Part of it.

"Q You are not trying to recover double, are you, sir?

"A No, sir."

On this appeal the contention is made that the trial court's ruling on the objection to the cross-examination was error because it resulted in inadmissible and prejudicial evidence of payment of a portion of the hospitalization expenses by an insurer. Appellant's principal reliance is upon Kickham v. Carter, 335 S.W.2d 83, 89–90 [3–5] (Mo.1960), in which the court held that such evidence should not be permitted to be adduced by a wrongdoer.

■ However, if plaintiff was relying upon such rule when his objection was made, he had the burden of making the basis of his objection "reasonably apparent" to the court. Lindsey v. P. J. Hamill Transfer Company, 404 S.W.2d 397, 400 [3–5] (Mo.App.1966).

■ The objection made in the trial court did not advise the court that the objection was based upon the now specified collateral source doctrine. The question objected to did not necessarily involve information about payment from a collateral source. When the questioning did reach that point, no objection was made. In these circumstances, the trial court is not

now to be held to have erred. Lindsey v. P. J. Hamill Transfer Co., supra.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.