**Virginia Mae SUMMERS and James Summers, Appellants,**

v.

**Tony FULLER, Respondent.**

No. 51471.

Missouri Court of Appeals,
Eastern District,
Division One.

April 7, 1987.

Motion for Rehearing and/or Transfer
Denied May 12, 1987.

Robert Watell Meyers, Clayton, for appellants.

John Gerard Enright, St. Louis, for respondent.

KELLY, Presiding Judge.

Virginia Mae Summers appeals from a judgment entered pursuant to a jury verdict awarding her $100.00 for personal injuries she sustained in an automobile collision with respondent Tony Fuller. The jury also found against James Summers, appellant's husband, and in favor of respondent on husband's claim for loss of consortium. Husband, however, has abandoned his claim on appeal. Thus, the only issue before us is the adequacy of the damages awarded appellant Virginia Mae Summers. We affirm the judgment of the trial court.

The accident occurred the afternoon of January 18, 1983, on Lindbergh Boulevard in south St. Louis County where appellant, who was driving a 1982 Volvo automobile, had stopped at a traffic light. Respondent, then seventeen, was driving a 1976 Buick Century automobile. He admitted that he was rummaging in his glove box for a cassette tape, instead of looking at the road, when his car struck the rear end of appellant's car. He estimated his speed to be about five miles per hour, and no more than ten, at the time of impact. The force of the impact, variously described as "a slight bump", and "very light", "abrupt,

not heavy", and "a jolt", caused the passenger in respondent's car to bump his head on the windshield, causing a slight spider crack smaller than a baseball on the glass. The only other damage to either automobile was to the tail pipe of appellant's Volvo, an $11.00 repair. No one complained of any injury at the scene of the accident. After the police arrived and took the details of the accident, respondent and his passenger left, to play soccer as planned. Appellant and her passenger, her daughter, returned to their home.

The following day appellant experienced back discomfort while being fitted for dentures at her dentist's office. She saw her family doctor two days after the accident. He prescribed a muscle relaxant, directed her to St. Anthoney's Hospital for X-rays taken the next day, and later referred her to Dr. Hawk, an orthopedic surgeon.

Appellant informed Dr. Hawk of the car accident. His examination of her X-rays disclosed "unilateral sacralization of the transverse process of the L–5 disc with some osteophyte secondary to degenerative arthritis." He concluded the X-rays results reflected problems developmental in origin and unrelated to the accident. No trauma from the auto accident was indicated. Dr. Hawk diagnosed acute lumbar strain for which he initially prescribed bed rest and pain pills. As a follow-up, he prescribed among other remedies physical therapy, traction, deep heat packs and an exercise regime to combat appellant's back pain. In March 1983, a CAT scan of appellant's spine revealed no trauma to the back, although it disclosed evidence of spinal stenosis, a congenital condition unrelated to the automobile accident. In September 1983 still complaining of back pain, appellant underwent a myelogram, an invasive procedure of the spine to determine whether a disc had been ruptured. The results were negative. Appellant continued with the conservative measures of physical therapy, heat and exercise to alleviate her back pain. By January 1984 appellant had incurred slightly more than $10,000.00 in medical bills.

Medical records introduced into evidence by respondent showed that appellant had also been hospitalized October 6, 1981 with a history of severe back pain and a urine infection. During her stay, appellant underwent a hysterectomy. The record of her discharge on October 10, 1981, contained two conclusions: one, minor degenerative change; two, transitional lumbosacral segment. The final diagnosis included back and joint pains.

Respondent's expert witness, a general surgeon, examined appellant three years after the accident in 1983. He believed appellant to have completely recovered from any injuries suffered from the automobile accident, attributing "emotional overlay" for the prolonged period of recovery from the otherwise simple injury of back strain. He expressed his opinion that much of her previously prescribed therapy had been excessive where appellant had only subjective complaints of pain and no objective complaints. Based on the foregoing evidence, the jury returned its verdict awarding appellant $100.00 in damages.

Appellant's sole point on appeal lambasts the jury for its assessment of only $100.00 damages as so grossly and shockingly inadequate that the award indicates bias, prejudice or misconduct by the jury. Appellant claims the trial court erred and abused its discretion in declining to grant her motion for a new trial on the grounds of the inadequacy of the verdict. We disagree.

Although the essential question on appellate review of an order either granting or denying a motion for new trial on the grounds of inadequacy of the verdict is whether or not the trial court has abused its discretion, where the trial court has granted the motion, only the evidence which would have supported a larger verdict is looked to; when the motion is refused, appellate review is limited to consideration of the evidence which supports the trial court's action. *Crabtree v. Reed*, 494 S.W.2d 42, 44[2] (Mo.1973). In a tort action, the determination of the amount to be awarded for personal injuries is a matter resting primarily in the discretion of the

jury in that it involves the credibility of witnesses and the weight and value to be given their testimony on a fact issue. *Long v. Hooker,* 443 S.W.2d 178, 182[5] (Mo.1969). The trial court has wide discretion in ruling on a motion for new trial which alleges that the damages are inadequate since that court may take into consideration the credibility of the witnesses and may weigh the evidence. *Id.* [6]. Quoting *Homeyer v. Wyandotte Chemical Corporation,* 421 S.W.2d 306, 309[4, 5] (Mo.1967), the court in *Long* further stated:

> Since the jury at the trial and the trial judge in overruling the motion for new trial have passed on the credibility of the witnesses and the weight of the evidence, the appellate court in reviewing the adequacy of the damage award must view the evidence in the light most favorable to the verdict.
>
> \*    \*    \*    \*    \*    \*
>
> Where the verdict has the approval of the trial court, it is conclusive on appeal unless it is so shocking and grossly inadequate as to indicate that the amount of the verdict was due to passion and prejudice.

443 S.W.2d at 182 [7, 8].

■ Whether appellant actually suffered damages as a result of the automobile accident and whether her medical treatment was engendered by an accident not even rising to the level of a "fender-bender" was raised by respondent in its motion for directed verdict both at the conclusion of appellant's case and also at the conclusion of all the evidence. Appellant had no visible injury following the accident.

Subsequent medical examinations disclosed no objective trauma attributable to the car accident to account for appellant's complaints of low back pain. Appellant jeopardized her case with her own admission that her family had a history of arthritis and that it would not have surprised her to have her doctor tell her that osteoarthritis was causing her back pain. The testimony, coupled with her prior complaints of low back pain in 1981 and her medical records evidencing no trauma, justified a jury's finding that appellant sustained only minor injuries, if any, as a result of the accident entitling her to any recovery.

As noted by respondent, the numerous cases cited by appellant to support her argument of the inadequacy of the jury verdict are inapposite. Without listing and separately discussing each, we observe that those cases dealt with serious and objectively verified injuries such as multiple fractures, breaks, and bruises readily distinguishable from the insubstantial nature of the injury of which appellant complains. We hold that the jury was free to disbelieve appellant's testimony concerning her nonobjective complaints and to determine that the accident may only minimally, if at all, have caused an injury to her back with resultant back pain. The jury could have reasonably concluded that appellant's pre-existing, congenital or developmental back problems, and not the minor accident, were the cause of appellant's pain.

The judgment is affirmed.

CRIST and CARL R. GAERTNER, JJ., concur.