Mary HEDRICK, Respondent,

v.

**Clayton H. KELLEY and Shelter Mutual Insurance Company, Appellants.**

No. 51666.

Missouri Court of Appeals,
Eastern District,
Southern Division.

May 19, 1987.

Motion for Rehearing and/or Transfer
Denied June 24, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Virgil Kenneth Rohrer, Farmington, for appellants.

Maurice B. Graham, Daniel P. Fall, Schnapp, Graham, Reid & Fulton, Fredericktown, for respondent.

CRIST, Judge.

Respondent (mother) brought a wrongful death action against Clayton H. Kelley (uninsured motorist) based on the death of Robyn Russell (daughter) in an automobile

accident. Uninsured motorist defaulted. A claim was also brought against mother's automobile insurance carrier, appellant Shelter Mutual Insurance Company (insurer), to collect for uninsured motorist coverage. A jury rendered a verdict in favor of mother and assessed the loss at $100,000. Judgment was entered against uninsured motorist and insurer in the sum of $100,000. On insurer's counterclaim seeking a declaratory judgment concerning its liability under its insurance contracts with mother, the trial court found $75,000 in coverage by reason of the stacking of three motor vehicle insurance policies. We affirm.

Insurer alleges several errors including (1) the failure of the trial court to declare a mistrial during mother's voir dire examination, (2) the failure of the trial court to declare a mistrial or sustain objections to the testimony of a state highway patrolman concerning the location of the automobile accident, (3) the admission of daughter's paintings which allegedly were inappropriate appeals to sympathy due to their religious content, and (4) the trial court's finding of coverage under one of the insurance policies which denied uninsured motorist coverage to members of an insured's family who owned their own car when one car was titled in mother's name but considered by mother to be a present to daughter, or alternatively, the trial court's finding of coverage under one of the insurance policies where daughter was the named insured when she was not the owner of the car and therefore had no insurable interest.

■ We find no prejudicial error in mother's voir dire examination. Mother's lawyer stated uninsured motorist was operating his vehicle on the wrong side of the road. After objection, mother's lawyer withdrew the statement and the trial court directed the jury to disregard it. The trial court is vested with broad discretion in the control of voir dire and its ruling thereon will not be disturbed unless the facts indicate a manifest abuse of discretion. *Anderson v. Burlington Northern Railroad Co.*, 700 S.W.2d 469, 473 (Mo.App. 1985). Since the undisputed evidence dur-

ing trial placed uninsured motorist on the wrong side of the road, we find no manifest abuse of discretion in the trial court's limiting relief to an instruction to disregard the statement.

■ The other claimed error during voir dire occurred when mother's lawyer asked the veniremen if there was "anyone here that's just opposed for whatever reason to high verdicts, just for any reason whatsoever?" When there were questions from the veniremen about what was meant by high verdicts, mother's lawyer said "dollar amount high" and insurer's lawyer made an objection that mother's lawyer was seeking a commitment of the jury panel. The trial court overruled the objection. We find no abuse of the trial court's discretion in ruling mother was not attempting to commit the jury to a high verdict. *Carthen v. Jewish Hospital of St. Louis*, 694 S.W.2d 787, 797–98 [10] (Mo.App.1985).

This was a wrong side of the road case. The position of the vehicles after impact, skid marks, debris and eyewitness testimony strongly indicated uninsured motorist caused the collision by driving onto the wrong side of the road. Uninsured motorist, who had a strong odor of intoxicants about him, pled guilty to a criminal charge of manslaughter. With this evidence in mind, we deny insurer's assertion of reversible error when the trial court sustained insurer's objection but refused to grant a mistrial when a trooper volunteered his opinion about the point of impact. When the trooper was asked to mark an exhibit to show the location of the skid marks, he volunteered the information about the point of impact and marked it on the exhibit. The trial court did instruct the jury to disregard the opinion, and the exhibit was not put into evidence or thereafter displayed to the jury.

■ When a witness unexpectedly volunteers an inadmissible statement, the action called for rests largely within the discretion of the trial court which must evaluate the situation and determine if some remedy short of mistrial will cure the error, and appellate review is limited to determining if there was an abuse of discretion.

*Anderson,* 700 S.W.2d at 475[6]. A declaration of a mistrial is the most drastic remedy to cure trial error and should be granted only when the error is so prejudicial it can be excised in no other way. *Id.* We find the trial court did not abuse its discretion in limiting relief to an instruction to disregard the inadmissible statement.

■ Thereafter, the trooper was asked, "[w]as there any indication at all that the Russell [daughter's] vehicle was at anytime in the eastbound lane of travel?" The question was answered before any objection was made. The untimely objection was that the trooper was not qualified to give his opinion and it would be speculative. The objection was overruled. The next question was "[w]as there any indication that the Kelley [uninsured motorist] vehicle was in the westbound lane of travel?" The answer was in the affirmative. The trooper was then asked, "[w]hat was that evidence?" There was another untimely objection questioning the trooper's qualifications. This objection was also overruled. The trooper testified the evidence included skid marks going across the wrong lane and the fact the eastbound car ended up on the north side of the road. Insurer cannot now complain about undue attention to the point of impact. The evidence was undisputed; there was little question uninsured motorist was on the wrong side of the road at the point of impact.

■ Insurer objects to the admission into evidence of three paintings which were painted by daughter. These showed a barn scene, Jesus on the cross and Jesus looking toward heaven. These were admissible to show daughter's interests and talents, § 537.090, RSMo 1986, on the question of damages. The admission was within the discretion of the trial court to weigh against any prejudice to insurer.

■ There were three cars and their respective insurance policies involved in the stacking issue. All three cars were titled in mother's name. Daughter was driving the 1980 Oldsmobile when the accident occurred and insurer does not challenge coverage under this policy. The 1966 Mustang was the car which mother considered to belong to daughter. Mother had bought and paid for the insurance policy on this car but it was issued in daughter's name. Insurer does not challenge coverage under this policy because it claims daughter was the owner of the car and the named insured. The right to recover under the policy for the 1974 Ford was based on daughter being a relative of the named insured, mother, who resided with the named insured and who did not own her own car.

There is no question but that if the three vehicles had been owned by mother and insured by mother in her name, stacking the coverage of all three policies would have been proper. *Shepherd v. American States Insurance Co.,* 671 S.W.2d 777 (Mo. banc 1984). We are called upon to construe the legal effect of mother's insuring the 1966 Mustang in the name of daughter and then testifying the Mustang belonged to daughter. We must decide whether these additional facts avoid the public policy of Missouri relating to stacking of policies with uninsured motorist coverage.

Missouri is a strict title state. § 301.-010(32), RSMo 1986. Mother was the owner of the 1966 Mustang as well as the other vehicles. *See Jackson v. Charlie's Chevrolet, Inc.,* 664 S.W.2d 675 (Mo.App.1984). Therefore, daughter was covered under the policy for the 1974 Ford.

■ Insurer finally argues that, if we find daughter was not the owner of the 1966 Mustang, it was improper for daughter to be the named insured on the policy. Insurer claims there was no insurable interest and the policy is void as a matter of public policy. *Cf. Faygal v. Shelter Insurance Co.,* 689 S.W.2d 724, 727 (Mo.App. 1985) (where loss coverage of an automobile is involved, there is no insurable interest unless the named insured is the owner of title). Mother claims that an insurable interest for uninsured motorist coverage should be similar to an insurable interest for liability coverage and not require ownership. *Cf. State Farm Mutual Automobile Insurance Co. v. Central Surety and Insurance Corp.,* 405 S.W.2d 530, 534 (Mo.

App.1966) (automobile ownership is irrelevant to the validity of an insurance policy covering *only* liability).

Section 379.203.1, RSMo 1986, in pertinent part provides:

> No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered ... unless coverage is provided therein or supplemental thereto ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles....

If an insurable interest existed that would have supported the issuance of the liability policy, this statute requires a finding of uninsured motorist coverage.

Daughter had every interest in the car other than title ownership. The car was hers to use and she would have been liable for damages caused by her use of the car. There was therefore an insurable interest to support daughter's obtaining a liability policy on the 1966 Mustang.

Moreover, the public policy requiring an insurable interest is based upon disapproval of wagering contracts. There is and can be no claim that mother or daughter was gambling. The term insurable interest should be broadly construed in situations such as this where there are close family members residing in the same house and the overall evidence indicates the policy was obtained in good faith.

Judgment affirmed.

DOWD, P.J., and SIMEONE, J., concur.