**TORRE SPECIALTIES, INC.,**
**Respondent–Appellant,**

v.

**Nancy C. COATES, M.D., Appellant–Respondent.**

**No. WD 43572.**

Missouri Court of Appeals,
Western District.

May 26, 1992.

Gwen G. Caranchini, The Law Offices of Gwen G. Caranchini, P.C., Kansas City, for appellant-respondent.

Byron Neal Fox, Fox & Partee, Kansas City, for respondent-appellant.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

BRECKENRIDGE, Judge.

Torre Specialties, Inc., successfully sued Nancy Coates, M.D., for rent and possession of a leased premises in the associate circuit division. Dr. Coates appealed to the circuit division of the court for trial *de novo* and counterclaimed against Torre Specialties. Judgment was granted to landlord Torre Specialties on its claim for possession. Dr. Coates was granted judgment on the landlord's rent claim and her counterclaim for breach of lease, for which she was awarded $82,500.00, and breach of warranty, for which she received no damages. Both parties filed timely motions for new trial. The trial court denied all motions except Torre Specialties' motion for new trial, which argued that the verdict for the breach of lease counterclaim was excessive. The trial court, in affirming this motion, ruled that "the verdict is excessive and that it was arrived at by the jury acting without regard to the evidence," and that "[t]he verdict was motivated by the bias and prejudice of the jury in favor of the defendant."

Both parties articulate claimed error in the trial court's failure to rule in their favor on post-trial motions. Dr. Coates appeals from the trial court's order granting a new trial on her counterclaim for breach of the lease, claiming the trial court: (1) abused its discretion because the evidence, even when viewed in the light most favorable to the trial court's finding, does not support the claim of bias and prejudice; (2) erred in granting a new trial because, absent specific grounds of error, mere excessiveness alone does not establish that a verdict is a result of bias or prejudice; and (3) erred in finding the verdict excessive because the jury's award is supported by the evidence. Torre Specialties cross-appeals, contending that the trial court erred in failing to grant its motion for new trial on the grounds of the inadequacy of damages awarded for Dr. Coates' breach of the lease. The judgment of the trial court is affirmed.

In 1987 Dr. Coates, commencing her plastic surgery practice, signed an agreement to lease certain of the premises at 4112 Pennsylvania, Kansas City, with Forty–One Twelve Associates, then the owner of the building. The premises were unfinished and required completion for occupancy (build-out) when the parties signed the lease. The lease made provision for the build-out and stated the following:

30. Lessor will provide $15,000 to be applied to construction buildout. The plan shall be provided by Lessor's architect and approved by Lessee. Any change on the plan as a result of Lessee shall be paid for by Lessee. Any costs over $15,000 shall be paid by Lessee. Lessor shall pay architect's fees up to $800. Lessee shall pay all architect's fees over $800 provided, however, that if the construction buildout is less than $15,000, Lessor shall reimburse Lessee for architectural costs until Lessor's total cost for construction and architectural fees reach $15,000.

31. Receipts shall be furnished to Lessee for payments on all draws or payments to contractors.

32. Prior to construction, Lessee shall be provided plan specifications and cost estimates for all trade items and construction.

33. Lessor will finish the common area on third floor compatible with Lessee's decor, including but not limited to, toilet areas and the west steps.

Several months elapsed without performance of the build-out. Dr. Coates orally agreed with Shelia Soptic, a corporate officer of Forty–One Twelve Associates, that Dr. Coates would directly hire and pay a contractor to complete the premises occupied by Dr. Coates, for which Forty–One Twelve Associates would reimburse Dr. Coates $15,000.00 plus interest, as well as $185.00 for painting the outside of the dividing wall between the elevator lobby and her office wall. The build-out began during the summer of 1987, continuing through December of that same year. Dr. Coates, after experiencing problems with the heating, ventilation, and air conditioning systems, contacted Forty–One Twelve Associates. The landlord repaired the problem on numerous occasions.

During the autumn of 1987, Dr. Coates moved some of her office equipment into the leased premises and hired receptionist Karen Austin to help set up the office. However, no patients were then seen. In December 1987, both Dr. Coates and Ms. Austin testified that the building's heating system was so inadequate that they were compelled to wear winter coats within the leased office.

Dr. Coates incurred numerous expenses in preparing to practice. These costs included lettering for the office door, $10.00; purchase of a self-contained heating/fireplace unit, $1,329.98; payments to Malnar Construction of $15,000.00, $1,398.36 and $5,000.00; purchase of supplies for the contractor, $2,934.98; telephone costs, $4,148.56; Yellow Pages' listing, $715.51; post office box, $93.50; stationery, $1,345.56; Kansas City Business Journal ad, $435.00; legal fees incurred in creating the professional corporation, $500.00; and medical supplies, $12,713.50. Dr. Coates obtained a loan for $15,000 and a second loan of $50,000 to pay for these items, incurring interest expenses of $13,771.07. Forty–One Twelve Associates never paid Dr. Coates the $15,000.00 it orally agreed to pay her for completing the build-out. Dr. Coates never paid rent, nor was she ever asked by Forty–One Twelve Associates to accept the premises.

In late 1987, Torre Specialties, owner of Torre's Pizzeria, located next to the 4112 property, discussed purchasing from Forty–One Twelve Associates the 4112 property. Torre Specialties is a corporation owned by brothers, Billy and Torre Nigro. After discussions between the Nigros and Dr. Coates, they, Salvatore Nigro, father of Billy and Torre, and Andrew Heyl, Dr. Coates' attorney, met to discuss Dr. Coates' possible waiver of her right of first refusal to purchase the property. The parties also discussed Dr. Coates' possession of the building, the monies owed her by Forty–One Twelve Associates, and various problems with the heating, air conditioning,

and ventilation systems. Both Dr. Coates and Salvatore Nigro, in behalf of Torre Specialties, presented documents itemizing their respective needs concerning Torre Specialties' purchase of the building.

In April 1988, Torre Specialties purchased the property subject to all existing leases. At the time of purchase, the $15,-000.00 debt owed Dr. Coates by Forty–One Twelve Associates had not been resolved. Therefore, pursuant to agreement, $13,500 of the purchase price paid by Torre Specialties to Forty–One Twelve Associates was placed in escrow. The escrow was to fund resolution of Dr. Coates' claim for reimbursement of expenses she incurred during the build-out which she had previously claimed against Forty–One Twelve Associates.

After Torre Specialties purchased the building, the bathroom next to Dr. Coates' office was completed and the common area steps and hallway were carpeted. The heating, air conditioning, and ventilation systems continued to manifest problems.

Charles Vestal, a heating and air conditioning repairman, testified at trial for Torre Specialties that after visiting Dr. Coates' office on July 20, 1987, he observed that the air conditioning unit was improperly wired and not working. He repaired it. Mr. Vestal also obtained and installed a needed thermostat the same day. Mr. Vestal informed Dr. Coates that the air conditioner's condensation line was not connected. Dr. Coates replied that her plumbing contractor would connect it. Mr. Vestal testified that when he later visited Dr. Coates' office in September 1987, he observed that Dr. Coates' contractors had moved the thermostat he had installed and had rewired it incorrectly.

Water leaking through the ceiling damaged the carpeting and the wooden floor Dr. Coates had installed in her leased space. The parties dispute whether the source of the leak was defective roofing or unvented air conditioning condensation. Torre Specialties contends that the leak resulted from the unattached condensation line which Dr. Coates told Mr. Vestal her plumbing contractor would attach. Torre Specialties claim Dr. Coates placed buckets underneath the ceiling in her leased space to collect the dripping water and that she never notified Torre Specialties of the problem as required by the lease.

Dr. Coates and Torre Specialties dispute whether Dr. Coates ever took possession of the property. Although Torre Specialties made demands for rent, Dr. Coates never paid rent or utilities, claiming that the condition of the premises prevented her occupying the property. Dr. Coates never received any portion of the $15,000.00 allegedly owed her.

Torre Specialties sued Dr. Coates for rent and possession in the associate division of the circuit court. The court entered judgment for Torre Specialties for possession and rent in the sum of $4,500. Dr. Coates appealed to the circuit court for trial *de novo* and filed a counterclaim against Torre Specialties.[1] The jury awarded possession of the disputed property to Torre Specialties but awarded no damages for rent, utilities or attorney fees. The jury found in favor of Dr. Coates on her breach of lease counterclaim, awarding her damages of $82,500.00. The jury also found in favor of Dr. Coates on her breach of warranty counterclaim but awarded no damages. Both parties filed motions for new trial. The trial court denied all the new trial motions except for one. The court granted Torre Specialties' motion for new trial on the verdict in favor of Dr. Coates' breach of lease counterclaim. Both parties appeal. The appeal of Torre Specialties is addressed first.

*Torre Specialties' Cross–Appeal*

■ Torre Specialties claims that the trial court erred in failing to grant a new trial on the ground that the jury's damage

---

1. Dr. Coates' ten-part counterclaim includes the following causes of action: breach of lease; breach of warranty to keep premises in repair; constructive eviction; breach of implied warranty of quiet enjoyment; breach of implied warranty of habitability and/or fitness; negligence; misrepresentation; wrongful eviction; interference with contractual relationship; and conversion.

award was inadequate after it found that Dr. Coates breached the lease. The jury awarded nothing as damages. The standard of review governing denial of a motion for new trial was stated in *Summers v. Fuller*, 729 S.W.2d 32, 33 (Mo.App.1987):

Although the essential question on appellate review of an order either granting or denying a motion for new trial on the grounds of inadequacy of the verdict is whether or not the trial court has abused its discretion, where the trial court has granted the motion, only the evidence which would have supported a larger verdict is looked to; when the motion is refused, appellate review is limited to consideration of the evidence which supports the trial court's action. *Crabtree v. Reed*, 494 S.W.2d 42, 44[2] (Mo.1973).

Although evidence may support a larger verdict, this review is limited to examining evidence which supports the trial court's denial of Torre Specialties' motion for new trial. *Summers*, 729 S.W.2d at 33.

■ Adequate evidence in the record supports the trial court's action. The trial court instructed the jury that "in assessing damages [regarding Torre Specialties breach of lease claim] you may take into consideration any mitigating circumstances attendant upon the defendant Nancy Coates, M.D.'s, failure to pay rent, utilities or provide a certificate of insurance." Dr. Coates experienced inadequate and uncomfortable climate control within the leased premises because the building's air conditioning and heating units were defective. Additionally, the leased premises and common areas were not completed as anticipated, thereby causing the tenant additional problems utilizing the leased premises. These facts could have mitigated any amount the jury may otherwise have awarded Torre Specialties. Additionally, the jury may have determined that Dr. Coates' breach of the lease constituted her failure to provide the requisite certificate of insurance to the landlord, and not a failure to pay rent or utilities, in which case Dr. Coates would not be liable to Torre Specialties for any damages. Therefore, sufficient evidence was presented support-

ing the trial court's order denying Torre Specialties' motion for a new trial even though the jury found Dr. Coates breached the lease but awarded no damages. Torre Specialties' cross-appeal is denied.

### Dr. Coates' Appeal

Dr. Coates presents three points in her appeal which are considered together because all three points claim the trial court erred in granting a new trial to Torre Specialties on Dr. Coates' breach of lease counterclaim. The trial court states three grounds for ordering a new trial: (1) the verdict was excessive; (2) the jury determined the verdict without regard to the evidence; and (3) the verdict was the product of the jury's bias and prejudice. Thus, the trial court granted the new trial motion because the verdict in favor of Dr. Coates was against the weight of the evidence.

■ The standard of appellate review in a case where the trial court granted the defendant's motion for new trial on the ground that the verdict is against the weight of the evidence is as follows:

Generally, a trial court has discretion to grant one new trial on the ground that the verdict is against the weight of the evidence. Rule 78.02. The trial court's order granting a new trial is presumptively correct, *Reyes v. St. Luke's Hospital of Kansas City*, 716 S.W.2d 294, 296 (Mo.App.1986), and will be disturbed only in the event of a manifest abuse of discretion. *Phillips v. Phillips*, 443 S.W.2d 144, 146 (Mo. banc 1969)....

Where the defendant, rather than the plaintiff, is granted a new trial on the ground that the verdict was against the weight of the evidence, the appellate court is not required to determine whether the evidence was sufficient to support a verdict for the defendant because the defendant is not required to present evidence to weigh. *Phillips*, 443 S.W.2d at 146; *Reyes*, 716 S.W.2d at 295. Because a verdict for ... [the defendant] could stand without any substantial evidence having been adduced in its favor, the

trial court was within its discretion to grant ... [the defendant] a new trial. *Landis v. Sumner Mfg. Co.*, 750 S.W.2d 466, 470 (Mo.App.1988). Accordingly, the trial court's order granting Torre Specialties', the defendant in the counterclaim, motion for a new trial was within the trial court's discretion to grant. *Id.* Dr. Coates' appeal is denied.

The trial court's denial of Torre Specialties' motion for new trial claiming inadequacy of the damage verdict after the jury found Dr. Coates breached the lease agreement is affirmed. The trial court's order granting Torre Specialties' motion for new trial on the ground that the verdict in favor of Dr. Coates' breach of lease counterclaim was against the weight of the evidence is affirmed.

All concur.