Jack LENHARD and Melody Lenhard, Appellants–Plaintiffs,

v.

Robert Clark DAVIS, Defendant–Respondent.

No. 60572.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 10, 1992.

Ronald F. Borgmann, Spilker & Borgmann, St. Louis, for appellants-plaintiffs.

Larry H. Hellwig, Homire, Mueller and Bippen, St. Louis, for defendant-respondent.

CHARLES B. BLACKMAR, Senior Judge.

Jack Lenhard sued for personal injuries arising out of an automobile collision. His wife Melody joined a claim for loss of consortium. The jury found for Jack, assessing damages of $5,000, reduced to $4,500 because of its finding that he was 10% at fault. The jury found that Melody sustained no damage, and so judgment was entered against her and in favor of the defendant. Both plaintiffs appeal, but the defendant did not. We affirm.

■ In their first point the appellants complain that a chiropractor who testified on behalf of the defendant was allowed to express the opinion that Jack possessed a

"dependent" or "addictive" personality. It is suggested that opinions of this kind were not shown to be within the compass of his expert knowledge, and that no foundation had been laid for receiving these opinions into evidence. The witness testified, in essence, that he considered the therapy administered by Jack's chiropractor to be excessive and unnecessary. He specifically disclaimed any purpose of evaluating Jack's psychological condition, but said that chiropractic patients might become addicted to manipulative treatment, and that such addiction was a danger that a prudent chiropractor should guard against in evaluating a patient's problems and planning treatment. We believe that the witness's explanation provides a sufficient foundation for the admission of this opinion, and that the trial court did not commit an abuse of discretion in receiving the testimony. A practitioner of the healing arts should be able to testify about the need for evaluation in order to prescribe treatments within the teachings of his school. *See Harder v. Thrift Construction Co.,* 53 S.W.2d 34 (Mo.App.1932); *Destin v. Sears, Roebuck & Co.,* 803 S.W.2d 113 (Mo.App.1990).

■ Jack next argues that the verdict is so grossly inadequate that the court should either direct *additur* or grant a new trial. His treating chiropractor billed him for charges in excess of $11,000, and was still treating him. (He was treated only by a chiropractor, and had no other medical bills.) He also testified that he lost earnings as a carpenter, which he estimated at $7,000, but provided no specification. He said that he continued to suffer pain, for which he regularly took aspirin.

The plaintiffs cite cases in which a verdict has been set aside on appeal because it awarded less than the amount of the unchallenged special damages. These authorities do not apply because the plaintiffs' evidence is contradicted. A doctor of medicine commissioned by the defendant testified that he detected no permanent damage arising out of the accident. A chiropractor testified that the treating chiropractor had continued treatment after Jack reached a point at which no further improvement could be expected. Other medical opinions indicated no substantial problem. With the uncertainty of the expert testimony, the jury might suspect the assertions of continuing pain. The jury could also reject or minimize the very general assertion about loss of earnings. We rely on juries to make decisions about damages sustained. This jury reached a permissible conclusion on the evidence submitted to it. *See Summers v. Fuller,* 729 S.W.2d 32 (Mo.App. 1987).

■ Melody likewise complains about the jury's finding that she sustained no damages. The verdict expressly stated that the jurors found that she "did not sustain damage as a direct result injury to her husband Jack Lenhard." (sic.) She had the burden of proving damage, and the jury might not have been satisfied that the evidence showed that she suffered pecuniary loss. Its apparent rejection of Jack's evidence of damages might have had an effect on this portion of the verdict. The decision is the jury's. She argues that the jury, at the very least, should have awarded her nominal damages. By the authorities, it was not obliged to do so, and could award nothing if not satisfied that she had demonstrated financial loss. *Lear v. Norfolk and Western Railway Co.,* 815 S.W.2d 12, 14 (Mo.App.1991).

In cases of this kind we place primary reliance on the jury and, next, on the trial judge, who has the authority to grant a new trial if of the opinion that the verdict is manifestly against the weight of the evidence. The trial judge is in a far better situation to make this decision than we are. Some observers might think that the award was miserly, but it is not our function to substitute our opinion for that of the jury and the trial judge.

The judgment is affirmed as to both plaintiffs.

GARY M. GAERTNER, P.J., and SMITH, J., concur.