Terence P. KENNISTON,
Plaintiff/Appellant,

v.

Timothy Gerard McCARTHY,
Defendant/Respondent.

No. 62387.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 20, 1993.

David J. Rauscher, Kathleen L. Rauscher, David J. Rauscher, P.C., Clayton, for plaintiff/appellant.

John Gerard Enright, Kortenhof & Ely, St. Louis, for defendant/respondent.

CRANE, Judge.

Plaintiff, Terence P. Kenniston, brought an action against defendant, Timothy G. McCarthy, for damages sustained as a result of personal injuries suffered in an automobile collision. The jury found defendant 100% at fault and awarded plaintiff $5000 in damages. The trial court entered judgment in accordance with the verdict. Plaintiff appeals. He contends the trial court erred in 1) failing to grant a mistrial when collateral source payments were brought out at trial and 2) denying his motion for new trial due to inadequacy of the verdict. We affirm.

In this appeal the only factual issues concern the nature and the extent of the injuries suffered in the accident and whether the verdict adequately compensates plaintiff for those injuries. We view the facts in the light most favorable to the verdict and in the light most favorable to the trial court's denial of a new trial on the grounds of insufficiency of the verdict.

On July 20, 1989 plaintiff, a Maryland Heights police officer, was driving south on the access road to Westport Plaza when his vehicle was struck by defendant's northbound vehicle. The hospital emergency room where plaintiff was treated immediately after the accident recorded that he complained of pain in his left shoulder and left rib area. There was no mention of any impact or suspected injury to the knee. The hospital x-rayed his left shoulder, chest and left ribs. That night, after being treated, plaintiff wrote an accident report in which he described his injuries as follows:

> Be advised that just before impact I attempted to brace myself by locking my left arm on the steering wheel and my left thigh under the steering wheel and turn my hand and torso to the right. That caused the injuries to my left wrist, left shoulder, and left thigh.

On July 21, 1989 plaintiff visited his personal physician and reported an injury to his left shoulder, mild neck stiffness, and a bruise on his left thigh. His personal physician subsequently treated his left shoulder and, because of continued pain in the shoulder, advised him to stay off work until August 7, 1989. Two weeks after the accident, plaintiff resumed lifting weights and running up to several miles per day. Plaintiff's medical bills for emergency treatment after the accident and continued treatment of his shoulder did not exceed $514.65. Plaintiff lost twelve days of work with Maryland Heights and three days of work at secondary jobs before he returned to work on August 7. Plaintiff's lost wages for this time off totalled $1,615.80.

On November 13, 1989 plaintiff visited his personal physician and complained of pain in his left knee for the first time. Plaintiff complained that his knee had become progressively worse due to running and exercising. On December 8, 1989 plaintiff visited an orthopedic surgeon who testified that plaintiff complained of knee problems over the past one and one-half years due to running. At that time plaintiff did not mention an automobile accident to the orthopedic surgeon. An MRI of plaintiff's left knee showed a degenerative softening of the cartilage. On February 8, 1990 arthroscopic surgery was performed on plaintiff's left knee. The medical bills for treatment of plaintiff's left knee totalled over $4000. Plaintiff lost eight days of work following the surgery. Almost one year later, on January 18, 1991, plaintiff first mentioned the automobile accident to the orthopedic surgeon.

For his first point on appeal, plaintiff asserts that the trial court erred in overruling his request for a mistrial. Plaintiff claims that defense counsel injected the issue of collateral source payments on two occasions: (1) when defense counsel asked about payment of plaintiff's medical bills and (2) when defense counsel questioned plaintiff about payment of wages during his time off work. Plaintiff argues that the trial court should have granted a mistrial because the trial court had sustained a motion in limine to exclude evidence of workers' compensation payments made to plaintiff and because the evidence was irrelevant and prejudicial in that plaintiff had

already presented evidence of lost wages and medical expenses.

On *direct examination plaintiff presented* evidence of wages lost and medical bills incurred as a result of injuries to both his left shoulder and his left knee. Defendant's cross-examination of plaintiff began as follows:

Q. Mr. Kenniston, about those medical bills that you have listed, are those bills paid?

A. I didn't pay them, sir.

Q. But have they been paid?

A. I think they probably have been taken care of, yes.

Q. Now, with regard to your lost time from the police department, I understand that you are on salary, is that correct?

A. Yeah, we're salaried employees. But, since they pay us overtime they have broken it down into an hourly rate so they can figure a time and-a-half wage.

Q. Were you actually docked your salary for the time that you missed?

A. Was I docked my salary, no, sir.

After this answer was given, plaintiff objected to the question regarding docked wages on the grounds it violated the collateral source rule. Plaintiff moved for a mistrial, which the trial court denied. However, the trial court sustained plaintiff's objection and, at plaintiff's request, instructed the jury to disregard the last question and answer.

At the beginning of trial the next day, plaintiff made a record on his motion for mistrial outside the presence of the jury. Plaintiff testified that he was not paid his salary by his employer during his time off work but instead received payments from his employer's workers' compensation carrier. Plaintiff also raised an objection to the two questions about payment of medical bills asked during the previous day's cross-examination. He asserted that the questions violated the collateral source rule and constituted an attempt to bring workers' compensation to the attention of the jury. The trial court overruled this objection on the grounds that plaintiff's re-

sponse that *he* had not paid the medical bills had been volunteered and that it was permissible to establish that the bills had been paid. After proceedings resumed before the jury, plaintiff was asked on redirect to "clear up" his previous response and testified that he had not received any pay from Maryland Heights for the time he was off work.

Plaintiff contends that the trial court erred in not declaring a mistrial when he testified to collateral source payments of both medical bills and lost wages. Because plaintiff only requested a mistrial with respect to the testimony regarding lost wages, we limit our review to that issue.

■ Plaintiff asserts that he was entitled to a mistrial because the evidence regarding payment of wages during his time off work was evidence of collateral source payments. Evidence that a plaintiff has received indemnity or compensation for an injury or loss from workers' compensation is ordinarily inadmissible because it is unrelated to liability or damages and may raise a false issue in the case. *Sampson v. Missouri Pac. R.R. Co.*, 560 S.W.2d 573, 584 (Mo. banc 1978). When a witness unexpectedly volunteers an inadmissible statement, the proper remedial action rests largely within the trial court's discretion. *Hedrick v. Kelley*, 734 S.W.2d 529, 531 (Mo.App.1987). The trial court must evaluate the situation to determine whether some remedy short of mistrial will cure the error. *Id.* Declaration of a mistrial is a drastic remedy and should only be granted when the error is so prejudicial that it cannot be excised in any other manner. *Id.* at 532. The trial court may be able to provide sufficient relief by instructing the jury to disregard the inadmissible evidence. *Id.* Appellate review is limited to determining if there was an abuse of this discretion. *Id.* at 531.

■ On cross-examination defendant did not ask plaintiff whether payments had been made by a collateral source, but instead asked plaintiff if he had been "actually docked" his salary for the time that he missed work. The expected answer would have been "yes," because plaintiff had dis-

closed to defendant that his salary had been paid by a workers' compensation carrier. Plaintiff mistakenly answered "no." He now argues that this answer implies that a collateral source had paid his salary. Even if this voluntary answer could be so construed, the trial court did not err in failing to grant a mistrial.

The trial court instructed the jury to disregard both the question and the answer. This instruction sufficiently cured any prejudice. Further, to "clear up" his previous response, plaintiff testified on redirect that he had not in fact been paid during the time he was off. This completely removed from the jury any impression that plaintiff was paid while he was off work. The trial court did not abuse its discretion in denying the motion for a mistrial. Point one is denied.

For his second point on appeal, plaintiff asserts that the trial court erred in overruling his motion for new trial on the issue of damages because the verdict was inadequate. The jury returned a verdict finding defendant 100% at fault and awarded plaintiff $5000 in actual damages. Plaintiff argues that this award was inadequate because he received medical bills totalling $4,592.65, lost $2,563.00 in wages, and introduced substantial evidence of pain and suffering.

 A trial court has wide discretion in ruling on a motion for new trial on the grounds of inadequacy of a verdict. *Summers v. Fuller*, 729 S.W.2d 32, 34 (Mo.App. 1987). When the trial court has denied this motion, appellate review is limited to consideration of the evidence which supports the trial court's action. *Id.* at 33. The determination of the amount of damages for personal injuries in a tort action falls primarily within the jury's discretion because it involves the credibility of the witnesses and the weight to be given their testimony. *Id.* at 33–34. A verdict approved by the trial court is conclusive on appeal unless it is so shocking and grossly inadequate as to indicate that the amount of the verdict was due to passion and prejudice. *Id.* at 34.

One of the factual disputes at trial was whether plaintiff's knee was injured by the automobile collision. At trial plaintiff testified that he had injured both his left shoulder and left knee. Plaintiff testified that he told doctors of pain in his knee and elicited expert testimony that the accident caused the knee injury. However, there was substantial evidence that plaintiff did not report or complain of a knee injury until four months after the accident and that at that time he told his doctor the knee injury had been caused by running. The expert admitted that plaintiff's knee condition could also have been caused by "wear and tear." The jury was free to disbelieve plaintiff's testimony and expert and conclude that plaintiff did not injure his left knee in the accident and that his medical bills and lost wages from the collision were only $2,130.45. The jury's verdict of $5000 was the amount suggested by defendant in closing argument as reasonable compensation for plaintiff's shoulder injury. The jury's verdict is supported by the evidence. Point two is denied.

The judgment of the trial court is affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.